**UNITED STATES of America, Plaintiff,**

v.

**Danny Lee ABNEY and Ronnie W. Story, Defendants.**

**Crim. A. No. 90–32.**

United States District Court,
E.D. Kentucky,
Lexington.

Dec. 17, 1990.

Mark A. Wohlander, Asst. U.S. Atty., Lexington, Ky., for U.S.

Andrew M. Stephens, Lexington, Ky., for Abney.

John Kevin West, McCoy, Baker & Newcomer, Lexington, Ky., for Story.

## MEMORANDUM OPINION AND ORDER

FORESTER, District Judge.

The Defendants, Danny Lee Abney and Ronnie W. Story, have plead guilty to a two-count indictment and now await sentencing on December 18, 1990. Abney and Story have raised objections to their presentence reports relating to the appropriate offense level under the United States Sentencing Guidelines. On December 7, 1990, this Court ordered the parties to file briefs in support of their respective positions on the sentencing issues. Having carefully considered the arguments of counsel in light of the law commanding the sentencing issues, this Court holds that the total offense level for Abney and Story is level 11.

## BACKGROUND

Abney and Story plead guilty to a two-count indictment: Count 1 provides that they "knowingly conspire[d] to unlawfully distribute and possess with the intent to distribute marijuana" in violation of 21 U.S.C. section 846; according to Count 2, they "knowingly and unlawfully distribute[d] and possess[ed] with intent to distribute a measurable quantity of marijuana" within one thousand feet of a public elementary school in violation of 21 U.S.C. sections 841(a)(1) and 845a, and 18 U.S.C. section 2.

The indictment also charged Ronald G. Noe with the same offenses. On December 5, 1990, a jury returned a verdict finding Noe guilty of both counts. As a result of that trial, this Court was able to consider evidence relevant to the sentencing of Noe's co-defendants, Abney and Story. Based on that evidence, this Court made several findings during a hearing on De-

cember 7, 1990, and those findings are written in this Court's Order of the same date.

Specifically, this Court found:

(1) that the quantity of marijuana which the co-conspirators contracted to sell to the undercover agent was 200 pounds.

(2) that the amount of material delivered by the three defendants, Abney, Story, and Noe, was 107 pounds.

(3) that the material was delivered in 4 bales; 3 bales consisted of either hay or straw; and 1 bale consisted of either hay or straw with less than 1 ounce of marijuana packed on top of the bale.

(4) that it was not the intent of the defendants, Abney and Story, to produce 200 pounds of marijuana, nor were they reasonably capable of producing 200 pounds of marijuana.

Counsel for the parties agreed during the December 7 hearing that the evidence from Noe's trial established the basis for those findings and that no contradictory evidence exists. This Court, therefore, must determine the appropriate offense level for Abney and Story by examining the Sentencing Guidelines in light of those findings.

## DISCUSSION

Guidelines section 2D1.4(a) establishes the base offense level for conspiracies: "If a defendant is convicted of a conspiracy ... to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy ... had been completed." Commentary 1 of that section provides:

If the defendant is convicted of a conspiracy that includes transactions in controlled substances in addition to those that are the subject of substantive counts of conviction, each conspiracy transaction shall be included with those of the substantive counts of conviction to determine scale. If the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, where the court finds that the defendant

did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.

Under Guidelines section 2D1.4 and its commentary, therefore, the offense level is based on "the weight under negotiation" unless "the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount." This Court found that Abney and Story did not intend to produce 200 pounds of marijuana and that they were not reasonably capable of producing that amount. Pursuant to the commentary, therefore, this Court "shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing."

This Court finds that Abney and Story intended to produce and were reasonably capable of producing the amount they in fact delivered: four bales weighing 107 pounds and consisting of three bales of hay or straw and one bale of hay or straw with less than one ounce of marijuana packed on top of the bale. To determine the base offense level for the conspiracy count, this Court must examine the Drug Quantity Table based on the weight of the controlled substance. An explanatory note following that table provides: "Unless otherwise specified, the weight of a controlled substance set forth in the table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." Ascertaining the appropriate offense level for Abney and Story, therefore, depends upon whether the hay or straw and the marijuana were a "mixture."

The United States contends that the weight of the marijuana is 107 pounds because it asserts that the four bales contained 107 pounds of a "mixture" of marijuana. Abney and Story argue that the small amount of marijuana and the hay or straw were not a "mixture" because the

substances were not mingled or blended together.

■ While this Court has carefully considered the United States' argument that the marijuana weight is the 107 pounds of all four bales and the alternative possibility that the weight is solely the amount of the one bale containing the small amount of marijuana, this Court must conclude that the marijuana and the hay or straw did not form a "mixture" under the Guidelines. In the Order of December 7, 1990, this Court found that one of the bales consisted of hay or straw "with less than 1 ounce of marijuana packed on top of the bale." Commentary 1 following the Drug Quantity Table provides that " '[m]ixture or substance' as used in this guideline has the same meaning as in 21 U.S.C. § 841." Apparently, however, neither section 841 nor the cases interpreting it define "mixture." In the absence of a definition of "mixture" in the Guidelines or in the applicable criminal statutes, this Court believes that this term connotes its common usage. *See, e.g., The American Heritage Dictionary of the English Language* 841, 842 (W. Morris ed. 1981) ("mixture" is "[s]omething produced by mixing"; to "mix" is "[t]o combine or blend (ingredients or elements) into one mass or mixture so that the constituent parts are indistinguishable," "[t]o create or form by adding ingredients together," or "[t]o add (an ingredient or element) to another").

■ Under any common definition, the marijuana and the hay or straw were not a "mixture." This Court found, and the United States concedes, that the marijuana was packed "on top" of the bale. In fact, the marijuana was enclosed in a pocket of plastic surrounding the bale and was not in direct contact with the hay or straw. The marijuana and the hay or straw were not combined or blended together. Neither the one bale containing the marijuana nor the four bales together, therefore, constitute a "mixture" of marijuana.

The facts of this case are certainly unusual. Apparently no published case involves a "mixture" of marijuana and another substance. This Court has considered the application of other "mixture" cases; however, those cases are clearly distinguishable. In *United States v. Williams*, 894 F.2d 208 (6th Cir.1990), the Sixth Circuit Court of Appeals held that the district court properly sentenced the defendants based on the total weight of the cocaine mixture, even though the mixture was only 87 percent cocaine hydrochloride. The court rejected the defendants' argument that the pure weight of the drug controls the weight under the Drug Quantity Table. *Id.* at 214–15. Unlike Abney and Story, the defendants in *Williams* did not argue that the cocaine was not part of a "mixture."

Several cases concern the proper weight determination for lysergic acid diethylamide (LSD). For example, in *United States v. Elrod*, 898 F.2d 60 (6th Cir.) (per curiam), *cert. denied*, —— U.S. ——, 111 S.Ct. 104, 112 L.Ed.2d 74 (1990), the court held that the weight of the LSD includes the weight of the pure LSD as well as the weight of the carrier medium. Implicit in the court's holding is the finding that the LSD and its carrier, the blotter paper, formed a "mixture": the court explained that the blotter paper was "impregnated" with the LSD and that the paper "is sometimes ingested and at other times it is used to transfer the LSD for ingestion by other means." *Id.* at 61.

Other typical cases are also clearly distinguishable. *See, e.g., United States v. Butler*, 895 F.2d 1016 (5th Cir.1989) (court must count whole weight of lye water and precursor chemicals mixture that defendant had begun to process into methamphetamine), *cert. denied*, —— U.S. ——, 111 S.Ct. 82, 112 L.Ed.2d 54 (1990); *United States v. Bishop*, 894 F.2d 981 (8th Cir.) (court properly considered combined weight of blotter paper and LSD that was absorbed in that paper; evidence established that drug users either licked or simply swallowed the blotter paper), *cert. denied*, —— U.S. ——, 111 S.Ct. 106, 112 L.Ed.2d 77 (1990); *United States v. Gurgiolo*, 894 F.2d 56 (3rd Cir.1990) (court must consider entire weight of heroin mixture rather than calculated weight of pure amount). Unlike the facts in those cases, the marijuana and the hay or straw did not form a "mixture" in this case.

Pursuant to Guidelines section 3D1.-2, the conspiracy and substantive counts are grouped together. According to section 3D1.3(a), the offense level applicable to the group depends upon the count that carries the highest offense level. According to the Drug Quantity Table, the base level for less than one ounce of marijuana is level 6. Under section 2D1.2, the base offense level for the substantive offense (a drug offense occurring near a protected location) is level 2 plus the base level applicable to the drug quantity, but not less than level 13 in any case.

Considering the highest offense level, the base level applicable to the two counts is level 13. After a reduction of 2 for Abney's and Story's acceptance of responsibility, the total offense level is 11. With an offense level of 11 and a criminal history category of VI, Abney's sentence falls within the range of 27 to 33 months. Story has a criminal history category of I, and his sentence under offense level 11 falls within 8 to 14 months.

### CONCLUSION

This Court being well and sufficiently advised, it is hereby ORDERED that the total offense level under the United States Sentencing Guidelines for the Defendants, Danny Lee Abney and Ronnie W. Story, is level 11.