UNITED STATES of America, Appellee,

v.

Vito DeLUCA, Defendant, Appellant.

No. 93–1773.

United States Court of Appeals,
First Circuit.

Heard Jan. 3, 1994.

Decided Feb. 25, 1994.

Richard H. Wynn, East Boston, MA, for appellant.

Brian T. Kelly, Assistant United States Attorney, with whom A. John Pappalardo, United States Attorney, Boston, MA, was on brief, for appellee.

Before BREYER, Chief Judge, SELYA and BOUDIN, Circuit Judges.

SELYA, Circuit Judge.

This is another in the long line of sentencing appeals that march beneath the banner of the federal sentencing guidelines.[1] The appeal poses only one question: Does a state conviction for extortion, under a statute that defines extortion more broadly than in terms of threats against a person, qualify as a "crime of violence," and, therefore, as a sentence-enhancing factor within the purview of U.S.S.G. § 2K2.1(a) (a guideline which provides for a higher offense level, and, consequently, greater punishment, if specified offenses are committed by a person with a prior criminal record that includes at least one "crime of violence")? Like the district court, we answer this query in the affirmative.

## I

The facts relevant to this appeal are not in dispute. On February 12, 1992, federal agents armed with a warrant issued as part of an ongoing mail fraud investigation searched the home of defendant-appellant Vito DeLuca and discovered approximately five hundred rounds of live ammunition. A federal grand jury thereafter indicted appellant on a charge of being a felon in possession of ammunition, see 18 U.S.C. § 922(g)(1) (1990). Appellant pled guilty to this charge on April 20, 1993.

At sentencing, the district court embraced U.S.S.G. § 2K2.1, the guideline covering unlawful possession of ammunition. That guideline dictates a higher base offense level (BOL) if a defendant has prior felony convictions for "a crime of violence or a controlled substance offense." Id. § 2K2.1(a). In 1977, DeLuca had been convicted of extortion in a

Rhode Island state court. To ascertain whether this conviction constituted a crime of violence, the district court followed the Sentencing Commission's internal cross-reference—U.S.S.G. § 2K2.1, comment. (n. 5) refers the reader to U.S.S.G. § 4B1.2 for a definition of "crime of violence"—and determined that DeLuca's extortion conviction came within the indicated definition. This determination resulted in a BOL of 20, see U.S.S.G. § 2K2.1(a)(4)(A) (providing for an enhanced BOL if a defendant "has one prior felony conviction of ... a crime of violence"), rather than 12, see id. § 2K2.1(a)(7), and substantially increased the guideline sentencing range applicable to DeLuca's case. Since the district court sentenced within the range, the determination adversely affected appellant's sentence. This appeal ensued.

## II

In prosecuting his appeal, DeLuca presents a very narrow issue. He acknowledges that the imposition of sentence is governed by U.S.S.G. § 2K2.1, and, through cross-referencing, by the definitions contained in U.S.S.G. § 4B1.2. He also admits the authenticity of the prior extortion conviction. He nevertheless challenges the classification of that prior conviction as a crime of violence, saying that the language of the state statute under which he was charged, R.I.Gen.Laws § 11–42–2, places his prior conviction outside the scope of the applicable definition.[2]

When, as now, an appeal raises a purely legal question involving the proper interpretation of the sentencing guidelines, appellate review is plenary. See United States v. De Jesus, 984 F.2d 21, 22 n. 4 (1st Cir.1993);

1. In this instance, the district court imposed sentence on June 23, 1993. Hence, the November 1992 edition of the guidelines applies. See United States v. Lilly, 13 F.3d 15, 17 n. 2 (1st Cir. 1994) (explaining that "[a] sentencing court customarily applies the guidelines in effect on the date of sentencing"); United States v. Harotunian, 920 F.2d 1040, 1041–42 (1st Cir.1990) (same).

2. The state statute provides in pertinent part: Whoever, verbally or by a written or printed communication, maliciously threatens to accuse another of a crime or offense or by a

verbal or written communication maliciously threatens any injury to the person, reputation, property or financial condition of another, or threatens to engage in other criminal conduct with intent thereby to extort money or any unlawful pecuniary advantage, or with intent to compel any person to do any act against his will, or to prohibit any person from carrying out a duty imposed by law shall be punished [as provided by law].
R.I.Gen.Laws § 11–42–2. It has not changed in any material respect since DeLuca was charged and convicted.

*United States v. Fiore*, 983 F.2d 1, 2 (1st Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1830, 123 L.Ed.2d 458 (1993); *United States v. St. Cyr*, 977 F.2d 698, 701 (1st Cir.1992).

## III

█ A crime of violence is defined for purposes of the sentencing guidelines in the following manner:

> The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1). "A formal categorical approach—an approach that looks to a prior offense's statutory provenance rather than to the actual facts—is the method of choice for determining whether a felony constitutes a targeted crime within the meaning of this definition." *De Jesus*, 984 F.2d at 23; *accord Fiore*, 983 F.2d at 3; *see also Taylor v. United States*, 495 U.S. 575, 600, 110 S.Ct. 2143, 2159, 109 L.Ed.2d 607 (1990) (adopting categorical approach for similar definitional inquiry under the Armed Career Criminal Act). Thus, rather than investigating the facts and circumstances of each earlier conviction, an inquiring court, in the usual situation,[3] looks exclusively to the crime as the statute of conviction defined it; or, put another way, the court examines only the statutory formulation of the predicate crime in order to ascertain whether that crime is a crime of violence for purposes of the federal sentencing guidelines.

Appellant accepts this body of law. But he strives to persuade us that, taking the re-quired categorical approach, his prior conviction cannot be called a crime of violence. The linchpin of this theory is the suggestion that all extortions are not equal. Even though the guideline identifies "extortion" as a crime of violence, *see* U.S.S.G. § 4B1.2(1)(ii), that term, in appellant's view, only describes crimes that involve threats against the person of another. Because the Rhode Island statute sweeps more broadly— it encompasses, in addition to threats against the person, threats against the "reputation, property or financial condition of another," R.I.Gen.Laws § 11–42–2—his Rhode Island crime could have involved a threat, say, of defamation, or economic harm. On this view of the sentencing universe, the government, by leaving the nature of the threat up in the air, *see supra* note 3, failed to prove that appellant had been convicted of a crime of violence.

Although we give appellant high marks for ingenuity, we are not persuaded. We have four principal reasons for rejecting his thesis.

***First:*** The relevant guideline provision specifically mentions extortion and, in the process, neither says nor implies that extortion, to be cognizable, must involve a threat of harm to the person of another. This presents a formidable obstacle to appellant's argument, for the wording of the guideline tells us unequivocally that the Sentencing Commission believed that extortion, *by its nature*, should be classified as a crime of violence. A defendant who seeks to exclude a specifically enumerated offense from the sweep of section 4B1.2 must shoulder a heavy burden of persuasion.

Appellant seeks to carry this weighty burden by positing that the term "extortion," as it is used in U.S.S.G. § 4B1.2(1)(ii), is federal in character and has a single, invariant meaning, rather than a meaning that changes from state to state. We agree. *See Taylor*, 495 U.S. at 590–92, 110 S.Ct. at 2153–55 (ruling that, for purposes of the Armed Ca-

---

**3.** To be sure, there are certain limited circumstances in which some investigation beyond identifying the formal nature of the charge may be warranted. *See Taylor*, 495 U.S. at 602, 110 S.Ct. at 2160 (outlining circumstances in which indictment and-or jury instructions may be perti- nent); *De Jesus*, 984 F.2d at 23 n. 5 (same). Here, however, we have been given nothing more than the record of conviction, and neither side suggests that we should try to peer beyond it.

reer Criminal Act, the place where the offense was committed cannot be the determinative factor in identifying predicate offenses); *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 119–120, 103 S.Ct. 986, 995–996, 74 L.Ed.2d 845 (1983) (explaining that federal laws should not be construed in such a manner as to make their application depend on state law, absent some plain legislative directive to that effect); *United States v. Nardello,* 393 U.S. 286, 293–94, 89 S.Ct. 534, 538, 21 L.Ed.2d 487 (1969) (recommending a similar approach in extortion cases); *United States v. Aymelek,* 926 F.2d 64, 71 (1st Cir.1991) (rejecting state-law characterization of prior state conviction for purposes of the federal sentencing guidelines); *United States v. Unger,* 915 F.2d 759, 762–63 (1st Cir.1990) (rejecting "the idea that state law determines whether an offense runs afoul of [U.S.S.G.] section 4A1.2(c)(2)"), *cert. denied,* 498 U.S. 1104, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991). Nonetheless, we disagree with appellant's related assertion that extortion, as that word is used in the guideline, is limited to the precise definitional parameters of the Hobbs Act, 18 U.S.C. § 1951 (1988).[4]

■ We can envision no sound reason for looking to the Hobbs Act to borrow a definition of a fairly well understood term. In the first place, terms used within the federal sentencing guidelines and not specifically defined therein generally should be given their common usage. *See, e.g., United States v. Butler,* 988 F.2d 537, 542 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 413, 126 L.Ed.2d 359 (1993); *United States v. Jones,* 979 F.2d 317, 320 (3d Cir.1992); *United States v. Abney,* 756 F.Supp. 310, 313

(E.D.Ky.1990). Taking this approach, it is clear beyond peradventure that a conviction under R.I.Gen.Laws § 11–42–2, which can aptly be described as a garden-variety extortion statute, comes within the reach of U.S.S.G. § 4B1.2(1)(ii).

In the second place, even if resort to an external source is desirable in order to explicate the meaning of "extortion," we think that, rather than the Hobbs Act—which features extortion in a special, circumscribed sense—a better point of reference would be section 223.4 of the Model Penal Code.[5] This definition is widely accepted, *see, e.g.,* Black's Law Dictionary 585 (6th ed. 1990), and is consistent with the tenor of the most closely analogous federal crime, extortionate extension of credit, 18 U.S.C. § 891 (1988) (proscribing threats of harm to "the person, reputation, or property of any person"); *see also* 18 U.S.C. § 876 (1988) (proscribing, *inter alia,* the mailing of threatening communications for extortionate purposes "to injure the property or reputation of the addressee, or of another"). Hence, defining extortion in this commonsense way also makes it clear that section 4B1.2(1)(ii) subsumes appellant's prior conviction.

■ *Second:* Even if we were to look to the Hobbs Act, as appellant importunes, we believe the "fear" element under the Hobbs Act can be satisfied by threats other than threats of bodily harm, say, by putting the victim in fear of economic harm. *See, e.g., United States v. Salerno,* 868 F.2d 524, 531 (2d Cir.), *cert. denied,* 493 U.S. 811, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989); *United States v. Hathaway,* 534 F.2d 386, 393–94 (1st Cir.),

---

4. Appellant hawks the notion that the relevant language of the Hobbs Act, criminalizing "the obtaining of property ... by wrongful use of actual or threatened force, violence, or fear, or under color of official right," 18 U.S.C. § 1951, is limited to threats or violence against the person of another. The Ninth Circuit seems to have embraced this idea. *See United States v. Anderson,* 989 F.2d 310, 312–13 (9th Cir.1993).

5. The Model Penal Code defines extortion as purposefully obtaining the property of another by threatening to:

(1) inflict bodily injury on anyone or commit any other criminal offense; or

(2) accuse anyone of a criminal offense; or

(3) expose any secret tending to subject any person to hatred, contempt or ridicule, or to impair his credit or business repute; or

(4) take or withhold action as an official, or cause an official to take or withhold action; or

(5) bring about or continue a strike, boycott or other collective unofficial action, if the property is not demanded or received for the benefit of the group in whose interest the actor purports to act; or

(6) testify or provide information or withhold testimony or information with respect to another's legal claim or defense; or

(7) inflict any other harm which would not benefit the actor.

Model Penal Code § 223.4 (1980).

*cert. denied,* 429 U.S. 819, 97 S.Ct. 64, 50 L.Ed.2d 79 (1976); *United States v. DeMet,* 486 F.2d 816, 819 (7th Cir.1973), *cert. denied,* 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974); *United States v. Addonizio,* 451 F.2d 49, 72 (3d Cir.1971), *cert. denied,* 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972). Thus, although the Rhode Island extortion statute does not track, word for word, the Hobbs Act definition of extortion, the two are sufficiently similar both in import and application to defuse appellant's argument.

**■ Third:** We have often said that, "[a]ll words and provisions of statutes are intended to have meaning and are to be given effect, and no construction should be adopted which would render statutory words or phrases meaningless, redundant or superfluous." *Lamore v. Ives,* 977 F.2d 713, 716–17 (1st Cir.1992); *accord United States v. Ven–Fuel, Inc.,* 758 F.2d 741, 751–52 (1st Cir.1985). We think that this principle is fully applicable to the sentencing guidelines, which, although they are not statutes, are to be construed in much the same fashion. *See United States v. Shaw,* 979 F.2d 41, 45 (5th Cir.1992); *United States v. McGann,* 960 F.2d 846, 847 (9th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 276, 121 L.Ed.2d 204 (1992); *United States v. Castellanos,* 904 F.2d 1490, 1497 (11th Cir. 1990). Appellant's spin on the word "extortion," as that word is used in section 4B1.2(1)(ii), would reduce the reference to mere surplusage. After all, a different clause in the same guideline makes a prior conviction for *any* crime that "has as an element the ... threatened use of physical force against the person of another" a crime of violence. U.S.S.G. § 4B1.2(1)(i). Thus, were extortion defined in the cramped way that appellant touts, the Sentencing Commission's inclusion of it as a specially enumerated offense serves no purpose. In other words, if extortion is intended to refer only to threats against a person, it is totally redundant.

**■ Fourth:** We believe that appellant's reliance on *United States v. Anderson,* 989 F.2d 310 (9th Cir.1993), is mislaid. *Anderson* involved a sentence imposed under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA). The *Anderson* court relied heavily on the fact that the defendant's prior conviction was for an attempt, not a completed act of extortion, *see id.* at 313, and found that fact sufficient to remove the case from the integument of the ACCA, *see id.* Here, however, it does not matter whether one calls the crime of which appellant stands convicted "extortion" or "attempted extortion." Regardless whether an attempt counts as a completed offense for ACCA purposes, the sentencing guidelines are transpicuous on this point: "The terms 'crime of violence' and 'controlled substance offense' include the offenses of aiding and abetting, conspiring, and *attempting* to commit such offenses," U.S.S.G. § 4B1.2, comment. (n.1) (emphasis supplied). Because "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline," *Stinson v. United States,* — U.S. —, —, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993); *see also United States v. Zapata,* 1 F.3d 46, 47 (1st Cir. 1993), we cannot follow *Anderson* in this case.[6]

## IV

We need go no further. Concluding, as we do, that the lower court correctly categorized appellant's 1977 extortion conviction as a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A), we reject the appeal.

**Affirmed.**

---

6. While precedent under the ACCA is often useful in resolving questions anent the career offender guideline, *see Fiore,* 983 F.2d at 3; *United States v. Bell,* 966 F.2d 703, 705–06 (1st Cir.1992), we find *Anderson* unhelpful for the reasons explained above. And although *Anderson* 's holding appears problematic on its own facts, we need not (and do not) express an opinion as to its correctness.