92 F.3d 1169
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Allan Roberto GUEVARA-LOPEZ, Defendant, Appellant.
 No. 96-1437.
 United States Court of Appeals, First Circuit.
 Aug. 6, 1996.
 
 Appeal from the United States District Court for the District of Maine [Hon. D. Brock Hornby, U.S. District Judge]
 George M. Hepner, III on brief for appellant.
 Jay P. McCloskey, United States Attorney, Frederick C. Emery, Jr., and Margaret D. McGaughey, Assistant United States Attorneys, on brief for appellee.
 Before SELYA, CYR and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Allan Roberto Guevara-Lopez appeals from his sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). His sole argument on appeal is that the district court misinterpreted Section 2L1.2 of the United States Sentencing Guidelines in imposing a 16-level enhancement to his base offense level because he had been "previously deported after a conviction for an aggravated felony." U.S.S.G. § 2L1.2(b)(2).
 
 
 2
 The issue presented by this case is the meaning of the term "deported" for purposes of § 2L1.2(b)(2). We review that question of law de novo. See United States v. DiSanto, 86 F.3d 1238, 1244 (1st Cir.1996). "[A]lthough [the sentencing guidelines] are not statutes, [they] are to be construed in much the same fashion." United States v. DeLuca, 17 F.3d 6, 10 (1st Cir.1994). Therefore, construction of the relevant guideline section should begin " 'by looking at the language of the law' and by examining the 'ordinary, contemporary, common meaning' of the words." United States v. Holmquist, 36 F.3d 154, 159 (1st Cir.1994) (citations omitted), cert. denied, --- U.S. ----, 115 S.Ct. 1797 (1995).
 
 
 3
 There is nothing inconsistent or ambiguous about the use of the term "deported" in § 2L1.2 itself. That guideline section, however, "implements the statutory sentence enhancement provisions of 8 U.S.C. § 1326(b)." United States v. Restrepo-Aguilar, 74 F.3d 361, 363 n. 2 (1st Cir.1996). We will accept for the purposes of this appeal the conclusion that the use of the term "deported" in § 1326 and other sections of that statute is "not entirely unambiguous." United States v. Cooke, 850 F.Supp. 302, 303 (E.D.Pa.1994), aff'd, 47 F.3d 1162 (3d Cir.1995).
 
 
 4
 We agree with the sentencing court, however, that the purposes and underlying policy of U.S.S.G. § 2L1.2(b)(2) remove any ambiguity that might otherwise exist regarding the meaning of "deported" in that context. We interpret the word's meaning in light of the purposes of § 2L1.2(B)(2). See United States v. Caron, 77 F.3d 1, 3 (1st Cir.1996)(" '[a]s in all cases of statutory construction, our task is to interpret the words of [the statute] in light of the purposes Congress sought to serve' "); see also Holmquist, 36 F.3d at 160 ("a statute must be read as a whole, with due regard for its object, purposes and underlying policy").
 
 
 5
 Underlying the relevant guideline section are the following policy determinations by the Sentencing Commission:
 
 
 6
 that the offense of unlawful reentry subsequent to perpetrating an aggravated felony is sufficiently more serious than the commission of the same offense while toting less weighty baggage and, thus, warrants greater punishment, [and] that an alien who, having been deported following a conviction for an aggravated felony, and having exhibited a willingness to flout our laws again by reentering the country without permission, may be more likely to commit serious crimes than an alien who unlawfully reenters this country with no criminal record or with a less sullied record, and, thus, deserves a sentence possessing greater deterrent impact.
 
 
 7
 United States v. Zapata, 1 F.3d 46, 49 (1st Cir.1993).
 
 
 8
 The interpretation of "deported" urged by appellant is plainly inconsistent with the purposes and underlying policy of § 2L1.2. It is the fact that a defendant has committed an aggravated felony in this country that makes his crime of reentry more serious and deserving of greater punishment. That the aggravated felony was committed after an order of deportation was issued (but before the order was executed) does not at all reduce the seriousness of the crime of reentry or the need for a greater deterrent to reentry. See Cooke, 850 F.Supp. at 306.
 
 
 9
 If § 2L1.2 were aimed at producing sentences that differed based upon the reason for the deportation order, then appellant's argument might have some merit. An aggravated felony conviction that follows a deportation order cannot have been the reason for the order. The commentary to § 2L1.2, however, specifically provides that " '[d]eported after a conviction' ... means the deportation was subsequent to the conviction, whether or not the deportation was in response to such conviction." § 2L1.2, comment. (n.6). Therefore, the Sentencing Commission clearly did not intend to increase the punishment only for defendants who were deported because of an aggravated felony conviction.
 
 
 10
 Appellant argues that the meaning of the relevant guideline provision is sufficiently ambiguous that the rule of lenity requires resolution in his favor. We have explained the rule of lenity as follows:
 
 
 11
 When all else fails to bring sufficient lucidity to the meaning of the penal statute, the rule of lenity casts the decisive vote. That rule, which mandates the resolution of ambiguities in a criminal statute favorably to the defendant is a 'background principle that comes into play when, at the end of a thorough inquiry, the meaning of a criminal statute remains obscure.'
 
 
 12
 United States v. Gibbens, 25 F.3d 28, 35 (1st Cir.1994) (citations omitted). In this case, the meaning of the relevant guidelines provision does not "remain[ ] obscure." The purposes and underlying policies of § 2L1.2(b)(2) remove any possible ambiguity created by the alleged inconsistent use of the term "deportation" in the Immigration and Nationality Act. Therefore, the rule of lenity does not come into play.
 
 
 13
 Appellant's sentence is summarily affirmed. See Loc. R. 27.1.