**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Floyd Lovell FISH, Defendant–Appellant.**

No. 03–30362.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2004.

Filed May 28, 2004.

Stephen R. Sady (argued), Portland, OR, for the defendant-appellant.

Karin J. Immergut, and Michael J. Brown (argued), Portland, OR, for the plaintiff-appellee.

Before REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

CLIFTON, Circuit Judge:

Floyd Lovell Fish appeals his sentence of 51 months incarceration and three years of supervised release imposed following his guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In setting Fish's base offense level at 20, the district court concluded that Fish's prior conviction for violation of OR. REV. STAT. § 166.382, which prohibits the "unlawful possession of a destructive device," constituted a "crime of violence" pursuant to United States Sentencing Guidelines §§ 2K2.1(a)(4)(A) and 4B1.2(a).

This provision was the subject of our recent decision in United States v. Wenner, 351 F.3d 969 (9th Cir.2003), which was announced after Fish's sentencing. We are guided by Wenner to conclude that Fish's predicate crime of possession of a destructive device did not constitute a "crime of violence" under Sentencing Guidelines §§ 2K2.1(a)(4)(A) and 4B1.2(a). The sentence is vacated and the case is remanded for resentencing.

## I. BACKGROUND

On May 29, 1997, the state of Oregon charged Fish with violation of OR. REV. STAT. § 166.382, which prohibits the "unlawful possession of a destructive device."[1] The indictment specifically charged him with violating the statute by knowingly possessing "a destructive device, to wit: a metal pipe bomb, said device having an explosive component." He pled guilty to the charge, and the Circuit Court of the State of Oregon for Multnomah County sentenced him to serve a 12–month term of incarceration, which ran concurrently with an unrelated firearms conviction.

1. OR. REV. STAT. § 166.382 prohibits the possession of:

(a) Any of the following devices with an explosive, incendiary or poison component:
(A) Bomb;
(B) Grenade;
(C) Rocket having a propellant charge of more than four ounces;

(D) Missile having an explosive or incendiary charge of more than one-quarter ounce; or
(E) Mine; or
(b) Any combination of parts either designed or intended for use in converting any device into any destructive device described in paragraph (a) of this subsection and from which a destructive device may be readily assembled.

On January 16, 2003, Fish was indicted in the District of Oregon on one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Fish entered a plea of guilty to the charge on May 30, 2003. The Pre–Sentence Report (PSR) recommended that Fish's base offense level be set at 20 pursuant to Sentencing Guidelines § 2K2.1(a)(4)(A), as Fish had "committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." The PSR concluded that "Unlawful Possession of a Destructive Device" under OR. REV. STAT. § 166.382 constituted a crime of violence as defined by Sentencing Guidelines § 4B1.2(a).

Fish argued at the sentencing hearing that mere possession of a destructive device could not constitute a crime of violence under Sentencing Guidelines § 4B1.2 and that his base offense level should be set at 14, the appropriate level for a defendant who was a convicted felon at the time of his arrest. *See* U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2K2.1(a)(6) (2003). At the sentencing hearing, the district court made the factual determination that Fish's prior conviction for "unlawful possession of a destructive device" was a crime that "could clearly injure someone." The court thus concluded that Fish's conviction for possession of a "pipe bomb" constituted a crime of violence, that Fish's base offense level be set at 20, and that the applicable sentencing guideline range was 51 to 63 months. The court sentenced Fish to a period of 51 months incarceration, to be followed by a three-year term of supervised release.

## II. DISCUSSION

We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Garcia*, 323 F.3d 1161, 1164 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 842, 157 L.Ed.2d 720 (2003).

Sentencing Guidelines § 2K2.1(a)(4)(A) instructs district courts to set the base offense level at 20 if the defendant committed the instant offense "subsequent to sustaining one felony conviction of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(4)(A) (2003). In defining "crime of violence," the § 2K2.1 Application Notes refer to Sentencing Guidelines § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. *See id.* § 2K2.1 cmt. app. n. 5. Section 4B1.2(a) provides:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 4B1.2(a).

The Ninth Circuit follows the categorical approach developed in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), to determine whether the prior conviction meets the Sentencing Guidelines definition of a crime of violence. *See Wenner*, 351 F.3d at 972; *United States v. Becker*, 919 F.2d 568, 570 (9th Cir.1990) (extending *Taylor's* categorical approach to the Sentencing Guidelines). Under the categorical approach, we do not look to the specific conduct which was the basis of the defendant's state convictions, but only to the statutory definition of the crime. *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143. That said, we may "go beyond the mere fact of conviction in a narrow range of cases." 495 U.S. at 602, 110 S.Ct. 2143. In those cases where a state statute criminalizes both conduct that does and does not qualify as a crime of

violence, we review the conviction using a modified categorical approach. Under this modified categorical approach, "we conduct a limited examination of documents in the record of conviction to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially over inclusive." *Chang v. INS,* 307 F.3d 1185, 1189 (9th Cir.2002) (citing *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc)).

Federal law clearly recognizes a distinction between "use" and "possession." For example, in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the Supreme Court held that a 18 U.S.C. § 924(c)(1) charge for "use" of a firearm requires *"active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Id.* at 143, 116 S.Ct. 501 (emphasis in original). The Court specifically limited the scope of possible uses by concluding that "use" does not encompass "mere possession," simple "storage," or the "inert presence" of a firearm. *Id.* at 143–149, 116 S.Ct. 501; *see also id.* at 143, 116 S.Ct. 501 (stating that " 'use' must connote more than mere possession"). Given this distinction, it is plain that the mere possession of a destructive device under OR. REV. STAT. § 166.382 does not categorically match the relevant crimes of violence delineated in § 4B1.2(a)(1) and the first clause of § 4B1.2(a)(2), all of which contain "use" as an element of the crime. Fish's prior conviction clearly does not fall under § 4B1.2(a)(1), as mere possession of a destructive device does not involve the "the use, attempted use, or threatened use of physical force against the person of another." Regarding the first clause of § 4B1.2(a)(2), the mere possession of a destructive device, as the government concedes, does not constitute the "use of explosives."

■ The issue in this case is solely whether Fish's prior conviction constitutes a crime of violence under the portion of § 4B1.2(a)(2) which is known as the "catchall" clause: "otherwise involves conduct that presents a serious potential risk of physical injury to another." The government first argues under the categorical approach that Fish's prior conviction for the possession of a destructive device under OR. REV. STAT. § 166.382 is categorically an offense that "involves conduct that presents a serious potential risk of physical injury to another." In the alternative, assuming that OR. REV. STAT. § 166.382 criminalizes both conduct that does and does not qualify as a crime of violence, the government contends under the modified categorical approach that Fish's possession of "a metal explosive device is inherently dangerous and ... creates a serious potential, if not actual, risk of physical injury to others." [2] Like the district court, the gov-

---

**2.** Though our holding in this case does not depend on the viability of the government's modified categorical argument, we do note that the government's position is somewhat tenuous. The government's argument rests solely on the charge in Fish's indictment that he possessed a "pipe bomb" and the fact that he pled guilty to that charge. Our prior case law suggests that this alone would be insufficient, as factual findings by either a judge or jury regarding the nature of the prior offense, or a signed plea agreement acquiescing to a factual description, are necessary under the modified categorical approach. *See United States v. Parker,* 5 F.3d 1322, 1327 (9th Cir. 1993) (noting that "the sentencing court may not rely upon the charging paper *alone* " nor may it "rely solely upon the charging instrument and verdict form if the latter fails to reflect the actual facts found by the jury in convicting the defendant") (emphasis in original); *Wenner,* 351 F.3d at 974 (rejecting the modified categorical approach where the government did not "point to a signed plea agreement or judgment of conviction that would demonstrate that [the defendant] was

ernment's modified categorical argument relies in part on *United States v. Jennings*, 195 F.3d 795 (5th Cir.1999), *cert. denied*, 530 U.S. 1245, 120 S.Ct. 2694, 147 L.Ed.2d 965 (2000), where the Fifth Circuit held that "possession of an unregistered pipe bomb, by its very nature, creates a substantial risk of violence" and thus constitutes a "crime of violence" under 18 U.S.C. § 924(c). *Id.* at 798.[3] Though our prior case law is skeptical as to whether we may deviate from the categorical approach to the modified categorical approach in cases involving the "catchall" clause,[4] the government's argument is unavailing under either approach. Interpreting the catchall clause under the categorical approach to cover *possession* of a "destructive device" listed in OR. REV. STAT. § 166.382 (which

the Sentencing Guidelines make clear is tantamount to possession of an "explosive"[5]) or under the modified categorical approach to cover *possession* of a "pipe bomb," would render the provision's specific inclusion of *"use* of explosives" in the same section surplusage. Because this interpretation would violate fundamental principles of statutory construction, we decline to adopt it.

Our reasoning is dictated by the closely analogous case of *United States v. Wenner*, 351 F.3d 969 (9th Cir.2003). In *Wenner*, the defendant, like Fish, pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Id.* at 971. His prior crimes were residential burglary and attempted residential burglary, both felonies under Washington law,

---

convicted as charged" and the court's "independent review of the record does not disclose any such document"). Though Fish pled guilty to the "unlawful possession of a destructive device," nothing in the record indicates that he acquiesced to the state's factual description that the offense involved a "pipe bomb."

**3.** 18 U.S.C. § 924(c)(3) provides that:
the term 'crime of violence' means an offense that is a felony and—
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

**4.** As noted in *United States v. Parker*, 5 F.3d 1322 (9th Cir.1993), "[o]ur cases have never employed [the modified categorical approach]—looking beyond the statutory definition of an offense—in applying the 'otherwise' clause of subsection (ii).... [T]he government's assumption that the *Taylor*—modified categorical approach is proper in determining if a conviction satisfies the 'otherwise' clause is highly dubious." *Id.* at 1326.

**5.** OR. REV STAT. § 166.382 prohibits "destructive devices" that contain an "explosive, in-

cendiary *or* poison component." (emphasis added). On its face, the statute is more expansive than § 4B1.2(a)(2), which only mentions the "use of explosives." That said, the Sentencing Commission in § 4B1.2's Application Notes uses the word "explosive" interchangeably with the phrase "destructive device." Application Note 1 to § 4B1.2, specifically referred to by § 2K2.1 for the definition of a "crime of violence," states that "[f]or purposes of this guideline—... offenses are included as 'crimes of violence' if ... the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives (including any explosive material *or* destructive device)" (emphasis added). U.S.S.G. § 4B1.2 cmt. app. n. 1 (2003). Given Application Note 1, we interpret the word "explosive" in § 4B1.2(a)(2) to cover all the prohibited devices listed in OR. REV. STAT. § 166.382. *See* OR. REV. STAT. § 166.382 (prohibiting the possession of a "(A) Bomb; (B) Grenade; (C) Rocket having a propellant charge of more than four ounces; (D) Missile having an explosive or incendiary charge of more than one-quarter ounce; or (E) Mine; or ... [a]ny combination of parts either designed or intended for use in converting any device into any destructive device described [above]").

which defined the term "residential" extremely broadly so as to include, for example, "a fenced area . . . or cargo container." *Id.* at 973. Though the district court concluded that these convictions constituted crimes of violence under § 4B1.2(a), we vacated the sentence and remanded for resentencing. After dismissing the government's attempts to construe Wenner's prior convictions as "crimes of violence" under the categorical and modified categorical approaches, we considered whether these convictions could constitute "crimes of violence" under § 4B1.2(a)(2)'s catchall clause. We concluded that interpreting the catchall clause to include the residential burglary and attempted residential burglary convictions "would render the specific inclusion of 'burglary of a dwelling' in the same section surplusage." *Id.* at 976. We also noted that such an interpretation would violate the fundamental principle of statutory construction that the specific trumps the general, and would eviscerate the requirement that the state statute of conviction not exceed the scope of the federal definition. *Id.*

Similarly, Sentencing Guidelines § 4B1.2(a)(2) specifically provides that "*use* of explosives" is a "crime of violence." U.S.S.G. § 4B1.2(a)(2) (2003) (emphasis added). "Given that specific inclusion, it is unsound statutory interpretation to use the general, catchall 'conduct that presents a serious potential risk of physical injury' provision to include" *possession* of an explosive. *Wenner,* 351 F.3d at 975. It is a "basic rule of statutory construction that one provision should not be interpreted in a way which . . . renders other provisions of the same statute inconsistent or meaningless." *United States. v. Powell,* 6 F.3d 611, 614 (9th Cir.1993) (internal quotation marks and citation omitted); *see also United States v. Bonilla–Montenegro,* 331 F.3d 1047, 1051 (9th Cir.2003) (citing *Ratzlaf v. United States,* 510 U.S. 135, 140–41, 114 S.Ct. 655, 126 L.Ed.2d 615(1994)) (not-

ing that this court "avoid[s] a statutory construction that would render another part of the same statute superfluous."). To "use" an explosive, one must first necessarily "possess" it. Interpreting the catchall clause to include possession of explosives would render superfluous § 4B1.2(a)(2)'s specific provision that "*use* of explosives" is a "crime of violence."

Moreover, as the court noted in *Wenner,* basic principles of statutory interpretation instruct that § 4B1.2(a)(2)'s more specific phrase "use of explosive" should trump its general catchall provision. *Wenner,* 351 F.3d at 976; *see also Fourco Glass Co. v. Transmirra Prods. Corp.,* 353 U.S. 222, 228–29, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957) ("Specific terms prevail over the general in the same or another statute which otherwise might be controlling.") (citation and internal quotation marks omitted); *Cal. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States,* 215 F.3d 1005, 1013 (9th Cir.2000) ("It is fundamental that a general statutory provision may not be used to nullify or to trump a specific provision").

In light of these canons of statutory interpretation and our recent decision in *Wenner,* we conclude that Fish's prior conviction was not a "crime of violence" under Sentencing Guidelines §§ 2K2.1(a)(4)(A) and 4B1.2(a).

### III. CONCLUSION

Because possession of an explosive is not a crime of violence under Sentencing Guidelines §§ 2K2.1(a)(4)(A) and 4B1.2(a), we therefore vacate Fish's sentence and remand for resentencing. *See United States v. Matthews,* 278 F.3d 880, 885–90 (9th Cir.2002) (en banc), *cert. denied,* 535 U.S. 1120, 122 S.Ct. 2345, 153 L.Ed.2d 173 (2002).

SENTENCE VACATED AND RE-MANDED FOR RESENTENCING.