**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Luis Antonio ROMAY–CRUZ, Defendant—Appellant.**

No. 04–30455.

D.C. No. CR–04–00047–RHW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Oct. 14, 2005.

Pamela Jackson Byerly, Office of the U.S. Attorney, Spokane, WA, for Plaintiff-Appellee.

Kathleen Moran, Federal Public Defender's Office, Spokane, WA, for Defendant-Appellant.

Before BROWNING, ALARCON, and KLEINFELD, Circuit Judges.

MEMORANDUM *

Romay–Cruz is correct that his Washington conviction for third degree assault is not categorically[1] a "crime of violence."[2] The serious issue here is whether "the statutory definition of the crime, charging

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See also,* *United States v. Fish*, 368 F.3d 1200 (9th Cir.2004).

2. U.S.S.G. § 2L1.2(b)(1)(A)(ii); *United States v. Sandoval*, 390 F.3d 1077, 1081 (9th Cir. 2004).

document, written plea agreement, transcript of plea colloquy or any explicit factual finding by the trial judge to which the defendant assented"[3] establish that Romay–Cruz did in fact commit a "crime of violence."

Although he was sentenced on the basis of facts that would make his crime a crime of violence, he did not stipulate to or admit those facts. By checking the box on the printed form that allowed the court to consider the affidavit, Romay–Cruz was not stipulating that the facts were true, but merely that the Superior Court could use the prosecution's allegations as a basis for accepting the plea. This conclusion is the only one possible in light of Romay–Cruz's concurrent statement that he was drunk and does not remember the incident. If he really was drunk and could not remember, then Romay–Cruz could not truthfully say that the facts were as the officer said, just that he was in no position to claim otherwise.

The Supreme Court dealt with a similar situation in *Shepard*. There, it was significant that the defendant maintained that he had never admitted that the facts in the police reports were true.[4] Similarly, Romay–Cruz does not admit or deny the truth of the facts in the affidavit because he says he has no recollection of the facts at all. He merely agreed that the court could assume the facts provided in the police affidavit for purposes of his plea. Therefore, under the modified categorical approach this record does not support a finding that Romay–Cruz's prior conviction was for a crime of violence. Accordingly, we VACATE the district court's sentence and REMAND for resentencing.

**3.** *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005).

ALARCÓN, Circuit Judge, dissenting.

I respectfully dissent. The record shows that Mr. Romay–Cruz expressly stipulated that the state trial court could consider the police officer's affidavit in determining whether there was a factual basis for his plea of guilty. The arresting officer alleged in his affidavit that Mr. Romay–Cruz "took a fighting stance and immediately took a swing with his right fist striking the center of my flashlight that I held in my hand."

Appellant argued in his opening brief that he was not guilty of third degree assault because "[t]he facts in the affidavit do not clearly establish that Mr. Romay–Cruz plead guilty to all the requisite facts necessary to establish that he applied force or actual violence to *body of another.*" Appellant's Opening Br. at 15 (emphasis added). In its responsive brief, the Government adopted the district court's conclusion that "taking a swing with his right fist, whether it struck him [the police officer] or didn't, and happened to hit his flashlight, would be within the crime of violence."

For the first time, in his reply brief, Appellant refers to

"a statement purportedly written by Mr. Romay–Cruz, though he neither speaks nor writes much English, that states: 'I was drunk and I don't remember.' Mr. Romay–Cruz only agreed that the court could review the affidavit of probable cause in determining the *factual basis* for the plea, not that he explicitly adopted those facts."

Appellant's Reply Br. at 7.

The argument, that Mr. Romay–Cruz was drunk and did not remember the incident, seized upon by the majority to support its conclusion that the record does not

**4.** *Shepard v. U.S.,* 125 S.Ct. at 1258–59 (2005).

support a finding that he was convicted of a crime of violence, was not presented to the district court. The majority's consideration of this issue is contrary to the law of this circuit which provides that "[i]ssues not presented to the district court cannot generally be raised for the first time on appeal." *United States v. Robertson*, 52 F.3d 789, 791 (9th Cir.1994). Thus, this issue was forfeited by the failure to present it to the district court.

Furthermore, the argument was not presented to this court in Mr. Romay–Cruz's opening brief. "The general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir.1980); *accord United States v. Reyes–Platero*, 224 F.3d 1112, 1115 (9th Cir.2000).

The failure to present an issue to the district court precludes it from directing opposing counsel to present further evidence or respond with pertinent legal authority to assist it in reaching the correct result. The failure to present a potentially dispositive contention in an opening brief unfairly robs an Appellee of the opportunity to present relevant authority or to point to the record in an attempt to persuade this court that it should reject Appellant's argument.

Regrettably, the majority has failed to explain why it has ignored the dual jurisdictional barriers to considering the merits of an issue not presented to the district court, or in Mr. Romay–Cruz's opening brief. Because the issue relied upon by the majority as dispositive was forfeited by the failure to present it to the district court, and raised for the first time in the reply brief, I would decline to consider it.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

I would affirm the sentence imposed by the district court.