**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 09 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10049 |
| Plaintiff - Appellee, | D.C. No. CR-03-00522-HG |
| v. | |
| DENNIZ PERRY, a.k.a Deniz Perry and Dennis Daqueen Perry, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, Senior District Judge, Presiding

Argued and Submitted June 16, 2010
Honolulu, Hawaii

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

Denniz Perry was convicted by a jury of being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Perry in

accordance with the fifteen-year mandatory minimum prison term of the Armed

Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and Perry appealed. In a

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

previous decision, we affirmed Perry's conviction, but we remanded for resentencing because the district court had erred in relying solely on the Presentence Report to determine that Perry had three qualifying prior convictions. *See United States v. Perry*, 190 F. App'x 571, 574-75 (9th Cir. 2006) (unpublished). On remand, the government submitted certain documents in support of its contention that Perry's two prior convictions for second-degree burglary and Perry's prior conviction for promotion of a dangerous drug in the first degree were qualifying convictions under the ACCA. The district court concluded that all three convictions qualified and reimposed the ACCA enhancement. Perry again appeals. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we reverse.

We agree with the district court that Perry's conviction for promotion of a dangerous drug in the first degree qualifies under the ACCA as a "serious drug offense." The ACCA defines "serious drug offense" to include "an offense under State law, involving . . . distributing . . . a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Perry pleaded guilty to distributing "One or more preparations, compounds, mixtures, or substances of an aggregate weight of: (A) One-eighth ounce or more, containing methamphetamine, heroin, morphine,

2

cocaine or any of their respective salts, isomers, and salts of isomers." Haw. Rev. Stat. § 712-1241(1)(b)(ii)(A) (West 1998). Perry does not contest that the substances included in the statute are controlled substances, and the violation of section 712-1241 is a class A felony subject to a maximum term of twenty years in prison, *see id.* §§ 706-659, 712-1241(2). Thus, the statute categorically is a "serious drug offense," regardless of the fact that Perry's guilty plea did not specify which drug he had distributed. *See Taylor v. United States*, 495 U.S. 575, 602 (1990) (considering "only to the fact of conviction and the statutory definition of the prior offense" to determine whether the offense qualified as a predicate felony under the ACCA).

We disagree, however, with the district court's conclusion that Perry's two prior burglary convictions qualify as violent felonies. The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Perry pleaded guilty to two counts of burglary in the second degree, in violation of Hawai'i Revised Statutes section 708-811. That statute provides that "[a] person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a

3

building with intent to commit therein a crime against a person or against property rights." Haw. Rev. Stat. § 708-811(1) (West 1999). The violation of section 708-811 is a class C felony, punishable by up to five years in prison. *Id.* §§ 706-660, 708-811(2).

Second-degree burglary in Hawai'i is not categorically a violent felony. In *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc), we held that the generic crime of burglary requires entry into "a structure designed for occupancy that is intended for use in one place." *Id.* at 848. The Hawai'i second-degree burglary statute is not limited the entry of such structures, instead defining "building" to include movable objects such as vehicles, railway cars, aircraft, and watercraft. *See* Haw. Rev. Stat. § 708-800 (West 1999).

Perry's second-degree burglary convictions also fail to qualify as violent felonies under the modified categorical approach. Under the modified categorical approach, we consider whether "judicially recognized documents show that [Perry] was necessarily convicted of generic burglary." *United States v. Terrell*, 593 F.3d 1084, 1092 (9th Cir. 2010) (citing *Shepard v. United States*, 544 U.S. 13, 15-16

4

(2005)).[1]  At resentencing, the government introduced Perry's indictment, plea agreement, guilty plea, and judgment.  These documents do not establish that Perry burgled an immovable structure.  Perry's indictment merely states that on two occasions he unlawfully entered a "building"—a term of art defined more broadly than the generic definition of burglary—located at a particular address.  Neither the plea agreement, the guilty plea, nor the judgment provided additional facts about the nature of the structures that Perry entered.  Thus, "the documents submitted by the prosecution do not demonstrate that [Perry] was necessarily convicted of burglary of an unmovable structure, so under the modified categorical approach, [Perry]'s prior offenses do not fit within the ACCA's enumerated offenses." *Id.* at 1093.

The government also waived any reliance on the ACCA's residual clause. Although the government might be correct that, at the time of resentencing, any reliance on the residual clause was foreclosed by *United States v. Fish*, 368 F.3d 1200, 1203-04 (9th Cir. 2004), the government has not adequately responded to advances in the law that have occurred since Perry's resentencing.  On April 18, 2007, the Supreme Court decided *James v United States*, 550 U.S. 192 (2007),

---

[1] We note that as of the date of this disposition, *Terrell*'s mandate has not yet issued.  We nonetheless find its reasoning on the application of the modified categorical approach persuasive.

which explained that the residual clause may "cover conduct that is outside the strict definition of, but nevertheless similar to, generic burglary" and held that attempted burglary in Florida was a violent felony under the residual clause. *Id.* at 212. The government filed its answering brief on June 5, 2007, and, although it cited *James*, it did not argue that *James* permitted a finding that Perry's burglary convictions qualified as violent felonies under the residual clause.

Then, on June 30, 2008, we decided *United States v. Mayer*, 530 F.3d 1099 (9th Cir. 2008), *withdrawn and superseded by* 560 F.3d 948 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 158 (2009). Relying in part on *James*, *Mayer* held that, while Oregon's first-degree burglary statute did not meet the generic definition of burglary, the statute was covered by the ACCA's residual clause. *Mayer*, 560 F.3d at 959-63. Even if there was any doubt after *James* that the residual clause potentially could apply to Perry's case, *Mayer* erased that doubt.

Nevertheless, the government failed to bring *Mayer* to our attention, either through a Federal Rule of Appellate Procedure 28(j) letter or through a motion for supplemental briefing. The government did not argue that the residual clause applied until after we ordered supplemental briefing on our own motion, two months after *Mayer* came down, on the questions of the effect of *Mayer*, if any, on this case, and whether the government waived any reliance on the residual clause.

6

Having considered the supplemental briefs and heard oral argument on the matter, we decline to exercise our discretion to reach the question of the applicability of the residual clause to Perry's case. *See United States v. Almazan-Becerra*, 482 F.3d 1085, 1090 (9th Cir. 2007) (holding that government waived alternative argument that sentencing enhancement applied when it failed to raise the argument in its brief); *see also Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255, 264-65 (3d Cir. 2008) (holding that party waived reliance on an intervening change in law when it failed to inform the court of that change through either a Rule 28(j) letter or a motion for additional briefing ); *United States v. Cheal*, 389 F.3d 35, 45 n.10 (1st Cir. 2004) (similar); *cf. La.-Pac. Corp. v. ASARCO Inc.*, 24 F.3d 1565, 1582-83 (9th Cir. 1994) (addressing an intervening change in law because the plaintiffs promptly brought the change to the attention of the court through a Rule 28(j) letter). Accordingly, we hold that because Perry's two second-degree burglary convictions did not qualify as violent felonies, the district court erred in applying the ACCA enhancement.[2] We vacate Perry's sentence and remand for resentencing without the ACCA enhancement.

**REVERSED and REMANDED with instructions.**

---

[2] In light of our holding, we do not address Perry's argument that his two burglary convictions did not occur "on occasions different from one another." 18 U.S.C. § 924(e)(1).

7