**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30217 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00173-EJL-1 |
| v. | ORDER and |
| JESSE CAREY BARKER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Wm. Fremming Nielsen, District Judge, Presiding

Argued and Submitted October 3, 2016
Withdrawn from Submission October 13, 2016
Resubmitted April 24, 2017
Seattle, Washington

Before: W. FLETCHER, GOULD, and N.R. SMITH, Circuit Judges.

Defendant-Appellant Jesse Carey Barker pleaded guilty on March 31, 2015,

to one count of unlawful possession of firearms and ammunition pursuant to 18

U.S.C. §§ 922(g)(1) and 924(a)(2). The initial Presentence Investigation Report for

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

the 2015 conviction recommended a Base Offense Level of 20. The government objected, arguing that the "Base Offense Level should be a level 24 because the defendant has convictions for both a crime of violence and a controlled substance offense." Barker had been previously convicted of two other felonies. First, in 2004, he was convicted in Iowa District Court for conspiracy to manufacture a controlled substance. Second, in 2010, he was convicted in Wyoming of possession of a Molotov cocktail destructive device. Barker contended, "Standing alone, [U.S.S.G.] § 4B1.2(a) does not establish that Barker's conviction constitutes a crime of violence . . . . This [conviction] does not involve or require the actual 'use' of explosives." The district court found that his prior conviction for possession of a Molotov cocktail qualified as a "crime of violence" under § 4B1.2 and set the Base Offense Level at 24. Barker timely appeals, and we affirm.

We have jurisdiction pursuant to 18 U.S.C. §§ 1291 and 3742(a). The district court's interpretation of the Sentencing Guidelines is reviewed de novo. *See United States v. Nielsen*, 371 F.3d 574, 582 (9th Cir. 2004); *United States v. Phillips*, 367 F.3d 846, 855 (9th Cir. 2004). Sentencing decisions are reviewed for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 49 (2007); *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). The sentences are reviewed for reasonableness, and only a procedurally erroneous or substantively

2

unreasonable sentence is set aside. *See Gall*, 552 U.S. at 46; *Carty*, 520 F.3d at 993.

If a defendant is convicted of unlawful receipt, possession, or transportation of firearms, the Guidelines instruct the district court to set a baseline level of 24 if "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions." U.S. SENTENCING GUIDELINES MANUAL § 2K2.1(a)(2) (U.S. SENTENCING COMM'N 2014). The two felony convictions must be "either crime[s] of violence or controlled substance offense[s]." *Id.* Barker's 2004 conviction undoubtedly qualifies as a controlled substance offense, and he does not dispute that finding here. However, he claims that possession of a Molotov cocktail does not qualify as a crime of violence. We disagree.

Section 4B1.2, in relevant part, defines crime of violence:

(a) The term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . .
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Application Note 1 of the Commentary to § 4B1.2 then provides

¶2 Other offenses are included as "crimes of violence" if. . . (B) the conduct set forth (i.e., expressly charged) in **the count of which the defendant was convicted involved use of explosives (including any explosive material or destructive device)** or, by its nature, presented a serious potential risk of physical injury to another.

¶3 "Crime of violence" does not include the offense of unlawful possession of a firearm by a felon, unless the possession was of a firearm described in 26 U.S.C. § 5845(a).

(Emphasis added). There is no dispute as to whether Barker used his Molotov cocktail. He did not. The question is whether a Molotov cocktail qualifies as a firearm pursuant to § 5845(a), which criminalizes possession of such firearms.

We hold that a Molotov cocktail fits within the firearm category of "a destructive device." 26 U.S.C. § 5845(a)(8). "The term 'destructive device' means (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade . . . or (F) similar device." *Id.* § 5845(f). A Molotov cocktail is an incendiary device that is quite similar to a grenade. Therefore, possession constitutes a crime of violence.

Barker argues that our decisions in *United States v. Canon*, 993 F.2d 1439, 1441 (9th Cir. 1993), and *United States v. Fish*, 368 F.3d 1200 (9th Cir. 2004), held that mere possession could not qualify as a crime of violence. This is – or at least was – true. However, the Sentencing Commission amended the Guidelines in 2004 to make possession of § 5845(a) firearms unlawful, thus overruling *Canon* and *Fish*. U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 674 (U.S. SENTENCING COMM'N 2009) ("[T]his amendment expands the definition of 'crime of violence' in Application Note 1 . . . to include unlawful possession of any firearm described in 26 U.S.C. § 5845(a). The amendment also excepts possession

4

of those firearms . . . from the rule that excludes felon in possession offenses from the definition of 'crime of violence.'").

Finally, we note that the Supreme Court held in *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." We therefore reject any challenges based on vagueness.

For the foregoing reasons, the sentence of the district court is **AFFIRMED**. This case is resubmitted concurrently with the filing of this disposition.