**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JAVIER VELASQUEZ-REYES, a.k.a.
Javier Alvarado-Hernandez,
        *Defendant-Appellant.*

No. 04-30292

D.C. No.
CR-03-02122-WFN

OPINION

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior Judge, Presiding

Argued & Submitted
September 16, 2005—Seattle, Washington

Filed November 8, 2005

Before: Before: Mary M. Schroeder, Chief Judge,
Arthur L. Alarcón and Edward Leavy, Circuit Judges.

Opinion by Judge Alarcón

**COUNSEL**

Anne Walstrom and Kurt Rowland, Federal Defenders of Eastern Washington and Idaho, Yakima, Washington, for the defendant-appellant.

James P. Hagarty, Assistant United States Attorney, Yakima, Washington, for the plaintiff-appellee.

_____

**OPINION**

ALARCÓN, Circuit Judge:

Defendant Javier Velasquez-Reyes appeals from the order sentencing him to 48 months of imprisonment on the ground that the district court erred in imposing a 16-level enhancement to his sentence based on a prior conviction for second degree arson under Washington law. He contends that second degree arson is not a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). We affirm the imposition of the 16-level enhancement because we conclude that second degree arson under Washington law is categorically a crime of violence. Mr. Velasquez-Reyes was sentenced under the mandatory provisions of the Sentencing Guidelines. Accordingly, we remand in accordance with *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

**I**

Mr. Velasquez-Reyes pled guilty to reentering the United States illegally after having been deported. At sentencing, he received a 16-level enhancement based on his prior conviction under Washington law for second degree arson. This prior conviction was not alleged in the indictment.

**[1]** Mr. Velasquez-Reyes contends that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) overruled *United States v. Almendarez-Torres*, 523 U.S. 224 (1998) and requires the Government to plead prior convictions in the indictment and prove them beyond a reasonable doubt to the jury unless the defendant admits the prior convictions. This argument is foreclosed by the law of this circuit. In *United States v. Pacheco-*

*Zepeda*, 234 F.3d 411, 415 (9th Cir. 2000), we rejected an identical contention. We held in *Pacheco-Zepeda*, that *Apprendi* did not overrule *Almendarez-Torres*. *Id.* at 414-15. We reaffirmed our holding in *Pacheco-Zepeda* in *United States v. Brown*, 417 F.3d 1077, 1078-79 (9th Cir. 2005), following the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In his opening brief, Mr. Velasquez-Reyes recognized that this argument has been precluded by the law of this circuit and Supreme Court precedent. He acknowledges that he raised this issue "in order to preserve it for *en banc* or Supreme Court review."

## II

**[1]** Mr. Velasquez-Reyes also argues that the district court erred in determining that his conviction for second degree arson under Washington law was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). He asserts that "[t]he Washington arson statute is overbroad, because it criminalizes conduct that would not be a crime under federal law." Appellants' Opening Br. at 18. We review *de novo* a district court's decision that a prior conviction is a crime of violence under the Sentencing Guidelines. *See United States v. Rivera-Sanchez*, 247 F.3d 905, 907 (9th Cir. 2001).

**[2]** Section 2L1.2(b)(1)(A)(ii) provides for a 16-level enhancement if the defendant has a prior conviction for a crime of violence. A crime of violence is defined under the Application Notes to § 2L1.2(b)(1)(A)(ii) as:

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, *arson*, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2001) (emphasis added). The fact that arson is specifically enumerated as a crime of violence in § 2L1.2(b)(1)(A)(ii) indicates that it is a crime of violence. *United States v. Bonilla-Montenegro*, 331 F.3d 1047, 1051 (9th Cir. 2003). To determine whether a conviction for second degree arson under Washington law comes within the Sentencing Guidelines definition of arson, we must use the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600 (1990). *See United States v. Fish*, 368 F.3d 1200, 1202 (9th Cir. 2004).

**[3]** Under the categorical approach, we do not look to the specific conduct that was the basis of a defendant's state convictions. Instead, we consider the statutory definition of the crime. *Fish*, 368 F.3d at 1202. A state's definition of arson must be compared with the generic definition of that crime to determine if the defendant's conviction is a crime of violence pursuant to the Sentencing Guidelines. *Taylor*, 495 U.S. at 602; *see United States v. Anderson*, 989 F.2d 310, 312 (9th Cir. 1993) ("[W]e must look to the 'generic' definitions of burglary, arson, or extortion—the meanings likely ascribed to these words by the federal legislators who adopted the statute."); *United States v. Hathaway*, 949 F.2d 609, 610 (2d Cir. 1991) ("[I]f [the state's] definition of third degree arson substantially corresponds to a modern generic definition of arson, then appellant's conviction may be counted as 'arson' for purposes of the federal sentencing statute.").

**[4]** Wash. Rev. Code § 9A.48.030 (1991), provides:

Arson in the second degree

(1) A person is guilty of arson in the second degree if he knowingly and maliciously causes a fire or explosion which damages a building, or any structure or erection appurtenant to or joining any building, or any wharf, dock, machine, engine, automobile, or other motor vehicle, watercraft, air-

craft, bridge, or trestle, or hay, grain, crop, or timber, whether cut or standing or any range land, or pasture land, or any fence, or any lumber, shingle, or other timber products, or any property.

[5] The modern generic definition of arson includes a "willful and malicious burning" of property. *Hathaway*, 949 F.2d at 610; *see United States v. Doe*, 136 F.3d 631, 634 (9th Cir. 1998) (describing the common law definition of arson as the "willful and malicious burning of a building"). Mr. Velasquez-Reyes argues that 18 U.S.C. § 81, the federal statute that defines arson committed within special maritime and territorial jurisdiction, requires proof that the defendant acted "willfully and maliciously," while the Washington statute identifies the mens rea as "knowing and malicious."[1]

[6] Although the Washington statute identifies the requisite mens rea as "knowing and malicious," we are unable to discern any meaningful distinction between "knowing" and "willful" in this context. "To be a willful act, the setting of the fire must be a conscious, intentional act done knowingly and according to a purpose, as distinguished from a fire that was started by accident or defendant's involuntary act." *Doe*, 136 F.3d at 635. (citation omitted). Thus, the common law definition of "willful" encompasses "knowing." *Id.* Mr. Velasquez-

---

[1]Section 81 provides as follows:

Whoever within the special maritime and territorial jurisdiction of the United States, willfully and maliciously sets fire to or burns, or attempts to set fire to or burn any building, structure or vessel, any machinery or building materials or supplies, military or naval stores, munitions of war, or any structural aids or appliances for navigation or shipping, . . . shall be imprisoned for not more than 25 years, fined the greater of the fine under this title or the cost of repairing or replacing any property that is damaged or destroyed, or both.

If the building be a dwelling or if the life of any person be placed in jeopardy, he shall be fined under this title or imprisoned for any terms of years or for life, or both.

Reyes has failed to demonstrate how a person could act "knowingly and maliciously" but not "willfully and maliciously."

## III

**[7]** Mr. Velasquez-Reyes also argues that the Washington statute does not come within the generic definition of arson because it criminalizes setting fire to personal property, such as timber, crops, cars, and other forms of personal property. We disagree. A majority of state arson statutes, and the federal arson statute, extend beyond dwellings or buildings to include various types of personal property.[2] Although some of these statutes add a limitation that the personal property be burned for insurance proceeds, *e.g.*, 18 Pa. Cons. Stat. Ann. § 3301 (West 2005), or set a minimum damage limitation, *e.g.*, Vt. Stat. Ann. tit. 13, § 504 (2005), these limits do not disrupt the "interstate consensus" that the burning of personal property constitutes arson. *See Anderson*, 989 F.2d at 312

---

[2]*See* 18 U.S.C. § 81; Ariz. Rev. Stat. Ann. § 13-1703 (West 2005); Ark. Code Ann. § 5-38-301 (West 2005); Cal. Penal Code § 451 (West 2005); Colo. Rev. Stat. Ann. § 18-4-103 (West 2005); Fla. Stat. Ann. § 806.01 (West 2005); Ga. Code Ann. § 16-7-61 (West 2005); Idaho Code Ann. § 18-804 (2005); 720 Ill. Comp. Stat. Ann. 5/20-1 (West 2005); Ind. Code Ann. § 35-43-1-1 (West 2005); Iowa Code Ann. § 712.3 (West 2005); Kan. Stat. Ann. § 21-3718 (2005); La. Rev. Stat. Ann. § 14:52 (2005); Me. Rev. Stat. Ann. tit. 17-A, § 802 (2005); Minn. Stat. Ann. § 609.562 (West 2005); Miss. Code Ann. § 97-17-7 (West 2005); Mont. Code Ann. § 45-6-103 (2005); Neb. Rev. Stat. § 28-504 (2005); N.H. Rev. Stat. Ann. § 634:1 (2005); N.J. Stat. Ann. § 2C:17-1 (West 2005); N.M. Stat. Ann. § 30-17-5 (West 2005); N.Y. Penal Law § 150.01 (McKinney 2005); N.D. Cent. Code § 12.1-21-01 (2005); Ohio Rev. Code Ann. § 2909.03 (West 2005); Okla. Stat. tit. 21, § 1403 (2005); Or. Rev. Stat. Ann. § 164.315 (West 2005); 18 Pa. Cons. Stat. Ann. § 3301 (West 2005); R.I. Gen. Laws § 11-4-4 (2005); S.C. Code Ann. § 16-11-110 (2005); S.D. Codified Laws § 22-33-9.2 (2005); Tenn. Code Ann. § 39-14-303 (West 2005); Tex. Penal Code Ann. § 28.02 (Vernon 2005); Utah Code Ann. § 76-6-102 (West 2005); Vt. Stat. Ann. tit. 13, § 504 (2005); W. Va. Code § 61-3-3 (2005); Wis. Stat. Ann. § 943.03 (West 2005); Wyo. Stat. Ann. § 6-3-102 (2005).

(considering whether there was an interstate consensus regarding the definition of extortion).

**[8]** Furthermore, to the extent there is some inconsistency among the states regarding whether burning personal property constitutes arson, the federal statute lends guidance to the meaning of the term "arson" as used in the Sentencing Guidelines. *See id.* (relying on a federal statute to determine federal common law because of the absence of a national consensus regarding the definition of extortion). The federal arson statute extends to personal property—it includes, *inter alia*, machinery, building materials, supplies, and military and naval stores—and does not have an insurance proceeds limitation or minimum damage limit. 18 U.S.C. § 81. Washington's inclusion of the burning of personal property, without a minimum damage limit, is consistent with the modern generic definition of arson.

## Conclusion

**[9]** We hold that Mr. Velasquez-Reyes's Washington state conviction for second degree arson is categorically a crime of violence. Accordingly, the district court did not err in its interpretation of the Sentencing Guidelines.

**[10]** Mr. Velasquez-Reyes was sentenced under the mandatory provisions of the Sentencing Guidelines. In *United States v. Moreno-Hernandez*, 419 F.3d 906 (9th Cir. 2005), we held that defendants are entitled to limited remands in cases involving non-constitutional *Booker* error. *Id.* at 916. The record does not reflect whether Mr. Velasquez-Reyes would have received a different sentence had the district court known that the Sentencing Guidelines were advisory. Therefore, we must remand this matter to the district court for a determination whether "the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Ameline*, 409 F.3d at 1074; *Moreno-Hernandez*, 419 F.33d 916.

**AFFIRMED IN PART; REMANDED IN PART.**