**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Adolfo NOLASCO–SALAZAR, Defendant—Appellant.**

No. 04–50536.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 23, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lawrence E. Spong, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jeremy D. Warren, Esq., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Adolfo Nolasco–Salazar appeals from the 30–month sentence imposed after he pled guilty to unlawful re-entry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Because Nolasco–Salazar was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline'*s limited remand procedure to cases involving non-constitutional error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

Nolasco–Salazar's other contentions are foreclosed by this circuit's case law. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1228 (9th Cir.2005)· (rejecting contention that prior convictions must be proved to a jury if not admitted by the defendant and reaffirming that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) has not been overruled); *United States v. Ochoa–Gaytan,* 265 F.3d 837, 845–46 (9th Cir.2001) (holding that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) carved out an exception for prior convictions that specifically preserved the holding of *Almendarez–Torres* ); *see also United States v. Castillo–Rivera,* 244 F.3d 1020, 1025 (9th Cir.2001) (rejecting contention that the fact of the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

temporal relationship of the removal to the prior conviction is beyond the scope of the Supreme Court's recidivism exception).

**SENTENCE REMANDED**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.