UNITED STATES of America, Plaintiff—Appellee,

v.

Rodrigo GARCIA–HERNANDEZ, Defendant—Appellant.

No. 04–10587.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Brian L. Sullivan, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Rodrigo Garcia–Hernandez appeals from the 49–month sentence imposed following his guilty-plea conviction for unlawful reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we remand.

Because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline's* limited remand procedure to cases involving non-constitutional error under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

Appellant's other contentions are foreclosed by this circuit's case law. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting contention that prior convictions must be proved to a jury if not admitted by the defendant and reaffirming that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has not been overruled); *United States v. Castillo–Rivera,* 244 F.3d 1020, 1025 (9th Cir.2001) (rejecting contention that the fact of the temporal relationship of the removal to the prior conviction is beyond the scope of Supreme Court's recidivism exception).

To the extent appellant contends that the government failed to produce sufficient

evidence to demonstrate that his prior conviction was an aggravated felony for purposes of 8 U.S.C. § 1143(a)(43), because he raises this for the first time in his reply brief, we will not consider it. *See United States v. Wright,* 215 F.3d 1020, 1030 n. 3 (9th Cir.2000).

**REMANDED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.