**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan Jose RIZO–HERNANDEZ,**
**Defendant—Appellant.**

No. 04–10512.

D.C. No. CR–03–00509–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Philip A. Ferrari, Esq., Jason S. Hitt, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

FPDCA—Federal Public Defender's Office, Sacramento, CA, for Defendant—Appellant.

Before CANBY, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Juan Jose Rizo–Hernandez appeals from his jury trial conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326, and his 100–month sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm his conviction and vacate and remand the sentence.

■ Rizo–Hernandez first contends that the trial court violated his Confrontation Clause rights by admitting a "warrant of deportation" and a "certificate of nonexistence" because they are testimonial documents and violate *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). This issue has been foreclosed by *United States v. Bahena–Cardenas,* 411 F.3d 1067, 1074–75 (9th Cir. 2005) (holding that a warrant of deportation was nontestimonial), and *United States v. Cervantes–Flores,* 421 F.3d 825, 830–34 (9th Cir.2005) (holding that a certificate of nonexistence is nontestimonial evidence and does not violate the Confrontation Clause).

■ Next, Rizo–Hernandez contends that his prior felony conviction should have been pled in the indictment and proven to a jury, and that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is no longer good law. This issue is foreclosed. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005); *see also United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres,* even though it has been called into question, unless it is explicitly overruled by the Supreme Court).

■ Next, Rizo–Hernandez contends that the government provided insufficient evidence to demonstrate that his prior conviction for sale of methamphetamine, in violation of California Health & Safety Code § 11379(a), should be classified as an "aggravated felony" for purposes of a sentencing enhancement. We agree. Because the statute of conviction is broader than the definition of a "controlled substance offense," *see United States v. Navidad–Marcos,* 367 F.3d 903, 907–08 (9th Cir.2004), and the judicially noticeable documents relied upon by the court did not unequivocally establish that Rizo–Hernandez was convicted of a drug traf-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ficking offense under U.S.S.G. § 2L1.2(b)(1)(A), *see Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 1263, 161 L.Ed.2d 205 (2005), the district court erred in applying the 16–level enhancement. "The government will have the opportunity at re-sentencing to offer additional judicially-noticeable evidence to support the enhancement." *Navidad–Marcos*, 367 F.3d at 909.

Accordingly, we AFFIRM the conviction, VACATE the sentence, and REMAND for resentencing.