UNITED STATES of America, Plaintiff—Appellee,

v.

Ruben SILVA–GONZALEZ, Defendant—Appellant.

No. 05–50545.

D.C. No. CR–04–02018–TJW.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2006.*

Decided March 20, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jennifer T. Manion, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Steven L. Barth, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before THOMAS and TALLMAN, Circuit Judges, and FITZGERALD,** District Judge.

MEMORANDUM***

Ruben Silva–Gonzalez appeals his conviction for illegally entering the United States after having been deported in violation of 8 U.S.C. § 1326. We affirm. Because the parties are familiar with the factual history of this case, we do not recount it here.

**I**

■ Derivative citizenship is a defense to a charge of illegally entering the United States after having been deported. *United States v. Smith–Baltiher,* 424 F.3d 913, 922 (9th Cir.2005). A defendant is entitled to present evidence in his defense. *Greene v. Lambert,* 288 F.3d 1081, 1090 (9th Cir.

2002). However, this right is not unlimited. *Id.* It is subject to reasonable restrictions "to accommodate other legitimate interests in the criminal trial process." *United States v. Scheffer,* 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998) (quoting *Rock v. Arkansas,* 483 U.S. 44, 55, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (quoting *Chambers v. Mississippi,* 410 U.S. 284, 295, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973))). Thus, a trial judge may exclude or limit evidence to prevent excessive consumption of time, undue prejudice, confusion of the issues, or misleading the jury. *Menendez v. Terhune,* 422 F.3d 1012, 1033 (9th Cir.2005). The trial judge enjoys broad latitude in this regard, so long as the rulings are not arbitrary or disproportionate. *Id.*

Here, the defendant did not tender any affirmative evidence of derivative citizenship. Viewing the complete record in context, we cannot say that the trial judge abused his discretion in limiting cross-examination.

Because the record lacks evidence from which the jury could rationally have sustained the defense, the trial court did not err in denying a jury instruction on the defense. *See United States v. Jackson,* 726 F.2d 1466, 1468 (9th Cir.1984).

**II**

■ The district court properly took judicial notice of Silva–Gonzalez's prior convictions because prior convictions do not have to be proven to a jury. *United States v. Booker,* 543 U.S. 220, 244, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350

** The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

(1998). Unless and until the Supreme Court explicitly overrules *Almendarez–Torres*, it controls our analysis here. *See United States v. Velasquez–Reyes*, 427 F.3d 1227, 1229 (9th Cir.2005). *Almendarez–Torres* also forecloses the argument that 8 U.S.C. § 1326 is unconstitutional.

**AFFIRMED.**