**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Salvador TOLENTO–MARTINEZ,
Defendant–Appellant.**

No. 05–50469.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 2006.

Filed April 19, 2006.

Robert Stuart, on the brief, Mark Rehe, argued, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Zandra L. Lopez, FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before :PREGERSON, LEAVY, Circuit Judges, and BEISTLINE,* District

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

Judge.

## MEMORANDUM**

The facts of this case are known to the parties.

We conclude that Tolento–Martinez's 2002 convictions constitute "sexual abuse of a minor" and, therefore, were "aggravated felonies" under 8 U.S.C. § 1326(b)(2). *See United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999) (holding that conviction under Cal.Penal Code § 288(a) for lewd or lascivious act upon a child under the age of fourteen qualified as sexual abuse of a minor).

We consider next the district court's reliance on Tolento–Martinez's 2004 removal. In *United States v. Luna–Madellaga,* 315 F.3d 1224 (9th Cir.2003), this court determined that 8 U.S.C. § 1326 "speaks only of 'removal.' All that the statute requires is that the alien reenter the United States illegally after having been removed subsequent to an aggravated felony conviction. It plainly turns on the alien's *physical* removal—not the *order* of removal." *Id.* at 1226. We conclude, therefore, that it was appropriate for the district court to rely upon Tolento–Martinez's 2004 reinstatement of the immigration judge's 1999 order of deportation.

We also find that the Supreme Court's decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) was not overruled by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), thus foreclosing Tolento–Martinez's claim that 8 U.S.C. § 1326 is unconstitutional. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005). Furthermore, the district court properly denied Tolento–Martinez's motion to dismiss the indictment based on improper grand jury instructions. *See United States v. Navarro–Vargas,* 408 F.3d 1184, 1186 (9th Cir. 2005) (en banc).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

