**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Byron Raul RAMIREZ, Defendant— Appellant.**

**No. 05–50674.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided May 3, 2006.

U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle A. Villasenor–Grant, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Byron Raul Ramirez appeals the sentence imposed following his guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

Ramirez contends that the district court erred in sentencing him pursuant to 8 U.S.C. § 1326(b) to more than the two-year maximum set forth in 8 U.S.C. § 1326(a), when he did not admit and a jury did not find a date of deportation or any prior convictions. He argues that the avoidance-of-constitutional-doubt doctrine requires that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), be limited to the holding that a prior conviction that increases the maximum penalty need not be alleged in the indictment when the prior conviction, unlike here, is admitted as part of a guilty plea. He also argues that in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and subsequent Supreme Court decisions, *Almendarez–Torres* has been overruled and § 1326(b) is unconstitutional.

These contentions are foreclosed. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting contention that the government is required to plead prior convictions in the indictment and prove them to a jury unless the defendant admits the prior convictions); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres* that a district judge may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt); *United States v. Castillo–Rivera,* 244 F.3d 1020, 1025 (9th Cir.2001) (rejecting contention that the fact of the temporal relationship of the removal to the prior conviction is beyond the scope of the Supreme Court's recidivism exception).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

