**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ruben VILLASENOR–GARCIA, Defendant—Appellant.**

**No. 05–50636.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided May 3, 2006.

Jason Goldberg, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Stephen D. Demik, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Ruben Villaseñor–Garcia appeals the sentence imposed following his guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. Villaseñor–Garcia contends that the district court erred by increasing his sentence above 8 U.S.C. § 1326(a)'s two-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

year statutory maximum based on a prior conviction that was neither proven to a jury nor admitted by Villaseñor–Garcia. He argues that the constitutional doubt doctrine requires that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), be limited to the holding that a prior conviction that increases the maximum penalty need not be alleged in the indictment when the conviction, unlike here, is admitted as part of a guilty plea. He also argues that 8 U.S.C. § 1326(b), which increases the statutory maximum based on prior convictions not proved to a jury, is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

These contentions are foreclosed. *United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting contention that the government is required to plead prior convictions in the indictment and prove them to a jury unless the defendant admits the prior convictions); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres* that a district judge may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt).

**AFFIRMED.**