**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arquimides LARUMBE–ZUNIGA,**
**Defendant–Appellant.**

**No. 05–50411.**

United States Court of Appeals,
Ninth Circuit.

Submission Deferred Feb. 24, 2006.

Resubmitted May 9, 2006.*

Filed May 11, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Jennifer T. Manion, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Mark F. Adams, Esq., San Diego, CA, for Defendant–Appellant.

Before: McKEOWN and BERZON, Circuit Judges, and KING,** District Judge.

MEMORANDUM ***

Arquimides Larumbe–Zuniga appeals his sentence imposed after pleading guilty to being a previously excluded, deported, or removed alien found in the United States without consent, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), and we affirm.

I.

We reject the argument that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) is no longer good law following *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The Ninth Circuit still follows *Almendarez–Torres*. *See United States v. Weiland*, 420 F.3d 1062,

1079 n. 16 (9th Cir.2005) ("Although recent Supreme Court jurisprudence has perhaps called into question the continuing viability of *Almendarez–Torres*, see, e.g., *Shepard*, 125 S.Ct. at 1263–64 (Thomas, J., concurring), we are bound to follow a controlling Supreme Court precedent until it is explicitly overruled by that Court.") (citations omitted).

Prior precedent such as *United States v. Pacheco–Zepeda*, 234 F.3d 411, 414–15 (9th Cir.2000) also rejected the position that *Almendarez–Torres* is limited to cases where a defendant admits prior aggravated felony convictions on the record. The Ninth Circuit specifically reaffirmed *Pacheco–Zepeda* in this regard after *Booker*. *See United States v. Velasquez–Reyes*, 427 F.3d 1227, 1229 (9th Cir.2005).

Accordingly, Larumbe–Zuniga's arguments lack merit. Under *Almendarez–Torres*, the maximum sentence for his conviction under 8 U.S.C. § 1326 is not two years; his sentence may be enhanced as a recidivist under section 1326(b).

II.

Larumbe–Zuniga also questions whether his 77–month sentence (at the low-range of the advisory guidelines calculation) was reasonable after *Booker*. We have jurisdiction to review a post-*Booker* within-guidelines calculated sentence. *See United States v. Plouffe*, 445 F.3d 1126, 1130–31 (9th Cir.2006). We review sentences for "unreasonableness" in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Cantrell*, 433 F.3d 1269, 1278 (9th Cir.2006) (citing *Booker*, 125 S.Ct. at 765–67).

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The sentence was the lowest end of the range calculated by the advisory guidelines. The district court articulated its reasoning. The court sentenced Larumbe–Zuniga expressly recognizing that the guidelines were only advisory. It performed an analysis of the section 3553(a) factors. It imposed the sentence based upon Larumbe–Zuniga's recidivism. The primary factor, according to the district court, was deterrence and "to demonstrate the consequences of violating the law and continuing to come back when he was clearly on notice."

Larumbe–Zuniga has unlawfully reentered the United States repeatedly (at least four times since 1992). He was last removed to Mexico on September 16, 2004, and was found in Campo, California, for the instant offense on September 20, 2004—only four days after being removed. He has several criminal convictions in the United States that resulted in a criminal history category V, and an increase in the offense level of 16 points. On the other hand, the court also considered (1) Larumbe–Zuniga's arguments regarding perceived sentencing disparity and the higher sentence he received as compared to a 30– or 48–month sentence he presumably could have received had he pled guilty much earlier, as well as (2) the potentially mitigating factor regarding Larumbe–Zuniga's family situation. The record amply supports the reasonableness of the sentence, which was higher than the 24 months in section 1326(a) based upon recidivism and the need for deterrence, but was at the low end of the advisory guidelines calculation.

**AFFIRMED.**