**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan Pablo HERNANDEZ–SANCHEZ, Defendant—Appellant.**

**Nos. 05–50747, 05–50751.**

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 24, 2006.

USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Michelle A. Villasenor–Grant, Esq., Shaffy Moeel, FDSD–Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

In these consolidated appeals following remand, Hernandez–Sanchez appeals the term to which he was re-sentenced for his two separate convictions of unlawful reentry after deportation, in violation of 8 U.S.C. § 1326.

Hernandez–Sanchez contends that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) should be limited to situations where the defendant admits the prior conviction and subsequent deportation during a plea colloquy and that this court's case law has been effectively overruled by *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205, (2005), and other recent Supreme Court decisions. These contentions are foreclosed. *See United States v. Weiland*, 420 F.3d 1062, 1080 n. 16 (9th Cir.2005) (holding that we are bound to follow *Almendarez–Torres* even though it has been called into question, unless it is explicitly overruled by the Supreme Court); *United States v. Velasquez–Reyes*, 427 F.3d 1227, 1228 (9th Cir. 2005) (rejecting contention that prior conviction must be proved to a jury if not admitted by the defendant and reaffirming that *Almendarez–Torres* has not been overruled).

We also reject Hernandez–Sanchez's contention that the enhancement was inappropriate because the government did not

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**702**

allege, nor did Hernandez–Sanchez admit, the date of his deportation. *See United States v. Castillo–Rivera,* 244 F.3d 1020, 1024–25 (9th Cir.2001) (rejecting contention that the fact of the temporal relationship of the removal to the prior conviction is beyond the scope of Supreme Court's recidivism exception).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.