**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Isidro CONTRERAS–RAZO, Defendant—Appellant.**

**No. 05–50156.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Kevin M. Mulcahy, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kristen L. Churchill, Esq., Law Offices of Kristen Churchill, San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Isidro Contreras–Razo appeals from his guilty-plea conviction and 47–month sentence for being a deported alien found in the United States, in violation of 8 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Contreras–Razo challenges the voluntariness of his guilty plea based on his trial counsel's "good faith misrepresentation" of his right to appeal a pretrial motion. Upon review of the record, we conclude the record supports the determination that Contreras–Razo's guilty plea was voluntary and satisfied the requirements of Rule 11. To the extent that he is arguing ineffective assistance of counsel, this claim is inappropriate for review on direct appeal. *See United States v. Ross*, 206 F.3d 896, 900 (9th Cir.2000). Such a claim should be raised in habeas corpus proceeding, which would permit development of the record as to what counsel did, why it was done, and what, if any, prejudice resulted. *See id.*

Contreras–Razo also contends that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been effectively overruled by *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and other recent Supreme Court decisions, or, in the alternative that *Almendarez–Torres* should not apply to his sentence. These contentions lack merit. *See United States v. Velasquez–Reyes*, 427 F.3d 1227, 1228 (9th Cir.2005) (rejecting contention that prior conviction must be proved to a jury if not admitted by the defendant and reaffirming that *Almendarez–Torres* has not been overruled).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.