**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Florencio GONZALEZ–MENDEZ,**
**Defendant—Appellant.**

No. 05–50229.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

Michael J. Crowley, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Julie Ann Blair, Esq., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Florencio Gonzalez–Mendez appeals from the sentence imposed following his guilty plea to being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Gonzalez–Mendez contends that the district court erred by increasing his sentence pursuant to 8 U.S.C. § 1326(b)(2) based on judge-found facts, when he did not admit and a jury did not find beyond a reason-able doubt the date of his prior deportation or his convictions. He further asserts that the constitutional doubt doctrine requires that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), be limited to the holding that a prior conviction need not be alleged in the indictment when admitted in a guilty plea, but that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), still requires facts to be submitted to a jury and proven beyond a reasonable doubt. He also contends that in light of subsequent Supreme Court decisions, *Almendarez–Torres* has been overruled and that § 1326(b) is unconstitutional.

These contentions are foreclosed. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting the contention that the government is required to plead prior convictions in the indictment and prove them beyond a reasonable doubt to a jury unless defendant admits the prior conviction in his guilty plea); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres* ); *United States v. Castillo–Rivera,* 244 F.3d 1020, 1024–25 (9th Cir.2001) (rejecting the contention that the fact of the temporal relationship between the deportation and the prior conviction under 8 U.S.C. § 1326(b)(2) is beyond the scope of the Supreme Court's recidivism exception).

Gonzalez–Mendez's claim that the court imposed his sentence in violation of the Sixth Amendment and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is unpersuasive, as the Guidelines were merely advisory when the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

sentence was imposed. *See United States v. Moreno–Hernandez,* 419 F.3d 906, 914 n. 8 (9th Cir.2005) (stating that a sentencing enhancement based on the fact of a prior conviction "does not raise any Sixth Amendment problems" under *Booker* ).

**AFFIRMED.**