**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gilberto ROMAN–MENA, Defendant—**
**Appellant.**

**No. 06–30122.**

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Pamela Jackson Byerly, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff—Appellee.

Tracy Staab, Federal Public Defender's Office, Spokane, WA, for Defendant—Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Gilberto Roman–Mena appeals the sentence imposed following his guilty plea to being an alien in the United States after deportation in violation of 8 U.S.C. § 1326.

Roman–Mena contends that 8 U.S.C. § 1326(b)(2), which increases the statutory maximum sentence upon a finding that the defendant was removed "subsequent to" a conviction of an aggravated felony, should, in order to avoid raising serious constitutional issues, be construed to limit the scope of judicial inquiry to only those facts admitted by the defendant. He contends that requiring or allowing judicial findings of facts not admitted by the defendant, for purposes of increasing his statutory maximum sentence, violates the Fifth and Sixth Amendment. He also contends that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was wrongly decided and that a defendant's Fifth and Sixth Amendment rights are violated by allowing judicial

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

finding of a prior conviction for purposes of increasing the statutory maximum sentence.

These contentions are foreclosed because Roman–Mena admitted in the plea agreement that he was removed in November 2003, and the district judge had authority to find the fact of his prior 2000 convictions for felony drug-trafficking and robbery. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting contention that the government is required to plead prior convictions in the indictment and prove them to a jury unless the defendant admits the prior convictions); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres* that a district judge may enhance a sentence on the basis of prior convictions, even if the fact of those convictions was not found by a jury beyond a reasonable doubt); *United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006) (recognizing as foreclosed the contention that recent Supreme Court decisions limit *Almendarez–Torres'* holding to cases where a defendant has admitted the prior convictions during a guilty plea).

**AFFIRMED.**