**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Cesar REYNA–MORAN,**
**Defendant–Appellant.**

No. 06–50009.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

---

Becky S. Walker, Esq., Ted B. Moreton, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: LEAVY, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

David Cesar Reyna–Moran appeals from the 48–month sentence imposed following his conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Reyna–Moran contends that 8 U.S.C. § 1326(b) is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that a supervised release condition requiring him to report to the probation office within 72 hours of reentry into the United States violates his Fifth Amendment right against self-incrimination. These contentions are foreclosed. *See United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 772–73 (9th Cir.2006); *United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir. 2005).

Reyna–Moran also contends that the district court erred by applying a 16–level enhancement based on his prior conviction for burglary, in violation of California Penal Code §§ 459 and 460. Specifically, Reyna–Moran contends that the government failed to provide sufficient evidence to demonstrate that his prior conviction was a crime of violence under United States Sentencing Guidelines § 2L1.2. We agree, and we remand on this basis.

Because the statute of conviction is broader than the definition of a "crime of violence," *see United States v. Rodriguez–Rodriguez,* 393 F.3d 849, 852 (9th Cir. 2005), we apply the modified categorical approach set forth in *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) to determine whether Reyna–Moran's conviction qualifies for the enhancement.

Considered together, the documents presented to the district court do not establish that Reyna–Moran admitted and was convicted of burglary of a dwelling for purposes of § 2L1.2(b)(1)(A). *See United States v. Navidad–Marcos,* 367 F.3d 903, 908 (9th Cir.2004) (noting that the government has the burden to establish clearly and unequivocally that a prior conviction was based on all the elements of a qualifying predicate offense); *Tokatly v. Ashcroft,* 371 F.3d 613, 624 (9th Cir.2004) (rejecting the use of testimony given at a subsequent proceeding to determine that petitioner's prior conviction was a qualifying offense). The information to which Reyna–Moran pleaded guilty unambiguously charged burglary of a garage. The minute entry describing the nature of Reyna–Moran's conviction cannot enlarge the crime with which he was charged. Accordingly, we vacate the sentence and remand for resentencing. The government will have the opportunity at resentencing to offer additional judicially noticeable evidence to support the enhancement. *See Navidad–Marcos,* 367 F.3d at 909.

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we instruct the district court to

---

delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding *sua sponte* to delete reference to § 1326(b)).

Reyna–Moran's motion for an expedited hearing is denied as moot.

**SENTENCE VACATED and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by 9th Cir. R. 36–3.

