UNITED STATES of America, Plaintiff—Appellee,

v.

Guadalupe DURAN–CABRERA, Defendant—Appellant.

No. 06–50005.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2006.*

Filed Nov. 8, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jason I. Ser, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Guadalupe Duran–Cabrera appeals his conviction and thirty-seven months sentence for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We affirm.

■ This court reviews jury instructions "as a whole and consider[s] how the jury would have reasonably understood [the challenged instruction] in the context of the entire trial." *United States v. Warren,* 25 F.3d 890, 895 (9th Cir.1994); *see also United States v. Brashier,* 548 F.2d 1315, 1328 (9th Cir.1976). Taken in the appropriate context, the challenged limiting instruction did not relieve the government of its burden to prove the element of "physical removal" under section 1326. Rather, the instruction, when coupled with the other instructions given at Duran–Cabrera's trial, was more than sufficient to convey to the jury that: (1) physical removal was an independent element of section 1326; and (2) the government had the burden of proving this element beyond a reasonable doubt. The district court thus did not err in giving the limiting instruction to the jury.

■ Evidence can be authenticated either under Federal Rule of Civil Procedure 44 (made applicable to criminal cases

Orlando B. Gutierrez, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

through Federal Rule of Criminal Procedure 27) or under Federal Rule of Evidence 901. *See* Fed.R.Civ.P. 44(c) ("[Rule 44] does not prevent the proof of official records ... by any other method authorized by law."). Before evidence can be admitted pursuant to Federal Rule of Evidence 901, a foundation must be laid by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a); *see also Iran v. INS*, 656 F.2d 469, 473 (9th Cir.1981). The district court admitted Duran–Cabrera's A–File documents after hearing the testimony of a Border Patrol agent who personally located, reviewed, and copied those documents, and personally attested to the documents' authenticity. That testimony could have led a reasonable juror to believe that the proffered documents were what the government claimed them to be. *See United States v. Chu Kong Yin*, 935 F.2d 990, 996 (9th Cir.1991). The district court thus did not abuse its discretion in admitting the documents into evidence.

Duran–Cabrera's challenge to his sentence is foreclosed. *See United States v. Weiland*, 420 F.3d 1062, 1079–80 (9th Cir. 2005); *United States v. Velasquez–Reyes*, 427 F.3d 1227, 1229 (9th Cir.2005).

His challenge to the constitutionality of section 1326(b) is similarly foreclosed. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006); *United States v. Rodriguez–Lara*, 421 F.3d 932, 949–50 (9th Cir.2005).

**AFFIRMED.**