**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose SOTO–CASTILLO, Defendant— Appellant.**

No. 05–50922.

United States Court of Appeals, Ninth Circuit.

---

Submitted Nov. 6, 2006.*

Filed Nov. 15, 2006.

Stacey H. Sullivan, Esq., San Diego, CA, for Plaintiff–Appellee.

Michelle A. Villasenor–Grant, Esq., Shaffy Moeel, San Diego, CA, for Defendant–Appellant.

Before: LEAVY, GOULD and CLIFTON, Circuit Judges.

### MEMORANDUM **

Jose Soto–Castillo appeals from his sentence imposed following his guilty plea conviction for unlawful reentry of a deported alien, in violation of 8 U.S.C. § 1326.

Soto–Castillo contends the district court erred by sentencing him to more than the statutory maximum for a violation of § 1326, when he did not admit nor did a jury find a date of deportation nor any prior convictions. He further asserts that the constitutional doubt doctrine requires that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), be limited to the holding that a prior conviction need not be alleged in the indictment when admitted in a guilty plea, but that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), still requires facts to be submitted to a jury and proven beyond a reasonable doubt. He also contends that in light of subsequent Supreme Court decisions, *Almendarez–Torres* has been overruled and that § 1326(b) is unconstitutional.

These contentions are foreclosed. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting the contention that the government is required to plead prior convictions in the indictment and prove them beyond a reasonable doubt to a jury unless defendant admits the prior conviction in his guilty plea); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres* ); *United States v. Castillo–Rivera,* 244 F.3d 1020, 1024–25 (9th Cir.2001) (rejecting the contention that the fact of the temporal relationship between the deportation and the prior conviction under 8 U.S.C. § 1326(b)(2) is beyond the scope of the Supreme Court's recidivism exception).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

