**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Luis PADILLA, Defendant—Appellant.**

**No. 06–30320.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 5, 2007.[*]

Filed Feb. 14, 2007.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

MEMORANDUM **

Defendant Luis Padilla entered into a plea agreement with the government relating to his illegal re-entry into the United States and now appeals his sentence. At sentencing, the district court denied the government's motion for a downward departure from the Sentencing Guidelines and imposed a 30–month sentence, the low end of the Guidelines range. We affirm.[1]

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**1.** We have jurisdiction to review a sentencing judge's decision whether or not to depart upward or downward from the applicable Guidelines range. *See United States v. Mohamed,* 459 F.3d 979, 986–87 (9th Cir.2006).

1. The district court did not err in denying the motion to depart downward from the Guidelines, and the resulting 30–month sentence imposed is not unreasonable. *See United States v. Mohamed,* 459 F.3d 979, 986 (9th Cir.2006) (holding that all sentences may be subject to reasonableness review). It is within the sentencing discretion of the district court to determine that offenders such as Defendant, who have been deported more than once, are not entitled to a downward departure. Furthermore, in making his decision, the judge considered Defendant's individual characteristics, including his family history and criminal record. *See United States v. Booker,* 543 U.S. 220, 260, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (requiring an individualized determination as set forth in 18 U.S.C. § 3553(a)).

2. As Defendant concedes, his challenge to *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is foreclosed by *United States v. Velasquez–Reyes,* 427 F.3d 1227 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1182, 163 L.Ed.2d 1139 (2006), and *United States v. Castillo–Rivera,* 244 F.3d 1020 (9th Cir.2001).

AFFIRMED. The mandate shall not issue in this case until the en banc decision is filed and the mandate issues in *United States v. Carty,* No. 05–10200.