**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marcos SANCHEZ–CASTRO, Defendant–Appellant.**

No. 05–50665.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted July 18, 2008.*

Filed Aug. 11, 2008.

Patrick W. McLaughlin, Esq., Becky S. Walker, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Jesus G. Bernal, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: WALLACE, O'SCANNLAIN, and WARDLAW, Circuit Judges.

MEMORANDUM **

Marcos Sanchez–Castro appeals the sentence imposed following his plea of guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326. He seeks reversal of his sentence on six grounds, which are squarely foreclosed by our case law. We affirm the sentence issued by the district court.

Sanchez–Castro argues that his sentence was unreasonable. We disagree. The district court properly calculated the applicable Guidelines range, dutifully considered the factors enumerated in 18 U.S.C. § 3553, and sentenced Sanchez–Castro to the low end of the applicable range. *See Rita v. United States,* — U.S. —, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007);

*see also United States v. Carty,* 520 F.3d 984, 993–94 (9th Cir.2008) (en banc).

Sanchez–Castro also argues that a sixteen-level enhancement of his offense level based on a prior conviction was unconstitutional, arguing that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) was implicitly overruled by *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its predecessor Sixth Amendment cases. We rejected this argument in *United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005), and we reject it again.[1]

Sanchez–Castro also claims to have been denied his right to allocution. A review of the transcript shows that the district court afforded him ample chance to speak on his own behalf, and that he did so. As our law requires, Sanchez–Castro was able to "fully present all available accurate information bearing on mitigation of punishment...." *United States v. Mack,* 200 F.3d 653, 658 (9th Cir.2000).

Finally, Sanchez–Castro raises three arguments about the conditions of his supervised release. First, he argues that the district court improperly delegated to a probation officer the determination of the maximum number of non-treatment-program drug tests to which he must submit. Sanchez–Castro did not object to this condition in the district court, and notwithstanding our ruling in *United States v. Stephens,* 424 F.3d 876 (9th Cir.2005), *reh'g en banc denied* 439 F.3d 1083 (9th Cir.2006), this is not reversible error on plain error review. *See United States v. Maciel–Vasquez,* 458 F.3d 994, 996 (9th

---

* The panel finds this case suitable for decision without oral argument *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Here, moreover, the prior conviction was part of the indictment and admitted by Sanchez–Castro during his plea colloquy, thus satisfying *Booker*'s Sixth Amendment holding.

Cir.2006) (holding imposition of an identical condition was not plain error).

Second, Sanchez–Castro argues that the district court improperly delegated to the probation officer the decision regarding whether and how much he should pay for post-custodial treatment ordered by the court. He acknowledges, however, that this argument was rejected in *United States v. Dupas,* 419 F.3d 916, 924 (9th Cir.2005), subsequent to the filing of his appeal.

Third, Sanchez–Castro argues that the reporting requirement violates his right against self incrimination under the Fifth Amendment. He also acknowledges that this argument was rejected in *United States v. Rodriguez–Rodriguez,* 441 F.3d 767, 771–72 (9th Cir.2006), subsequent to the filing of his appeal.

**AFFIRMED.**